THE PEOPLE, on the relation of J. DYGERT, *vs.* THE HERKI-MER COMMON PLEAS.

In an appeal bond, the *further condition* required by the statute may be introduced as an alternative, and the bond will be held good.

MOTION for a mandamus. The relator recovered a judgment in a justice's court, against one Vincent, for $6,99, damages and costs. Vincent appealed, and executed a bond, conditioned, " that if the said Vincent shall prosecute said appeal with due diligence, to a decision in the court of common pleas, and in case judgment shall be rendered against such appellant, shall pay such judgment, including costs of the appeal, *or* shall pay the debt or damages recovered before the justice, together with interest thereon, and costs of such appeal, if such appeal shall not be prosecuted with all due diligence as aforesaid, *or* shall surrender his body in execution of the said judgment, then," &c. The relator moved the common pleas to quash the appeal, for that the bond was defective ; which motion being refused, a mandamus is now asked for.

*A. Loomis*, for relator. The bond is defective. The second clause of the condition is in the alternative, instead of being cumulative. The statute requires, that a *further* condition shall be added, &c. Again, the second *or*, gives three alternatives, by a compliance with either of which, the obligor may discharge himself from the obligation imposed by the bond.

*By the Court*, SAVAGE, Ch. J. The bond is substantially in conformity to the requirements of the statute. The motion for a mandamus is denied.