368    *ABEL JOHNSON, plaintiff in error, v. YEOMANS & STRICKLAND, defendants in error.

(Atlanta, June Term, 1870.)

CONTEMPT—PROPERTY DELIVERED TO SUCCESSFUL PARTY ON POSSESSORY WARRANT—FAILURE TO REDELIVER PROPERTY AFTER REVERSAL.—When, after a trial on a possessory-warrant and a judgment, the Court delivered the property to the successful party, on his giving the bond and security, as required by section 3959 of the Code, and the case was carried afterwards to the Superior Court by certiorari, and the judgment reversed, but before the reversal, the party receiving the property has sold the same and cannot produce it, it is error in the Court to attach him for contempt, in failing to obey its order to redeliver the property.

Contempt. Possessory-Warrant. Supercedeas. Before Judge Sessions. Clinch Superior Court. October Term, 1869.

On the trial of a possessory-warrant for certain cattle, between Yoemans & Strickland and Johnson, in the County-Court, the cattle were given to Johnson's possession, upon his giving bond as required by the statute. Yoemans & Strickland then sued out a certiorari. Pending this certiorari in the Superior Court, Johnson sold the cattle. The judgment of the County-Court Judge was reversed, and the cattle were ordered back to the possession of Yoemans & Strickland. Johnson failed to deliver them and thereupon a rule issued, calling on him to show cause why he should not be attached for contempt for said non-delivery. He answered the facts aforesaid, said it was out of his power to restore the cattle, that his sale was bona fide, without any intention of committing a contempt, and that the remedy was on said bond, or otherwise than by this rule. This answer was uncontradicted, but the Court ordered him to be imprisoned till he delivered the cattle. That is assigned as error.

J. L. Seward, A. P. Wright, by Lochrane & Clarke, for plaintiff in error, cited: Constitution of Georgia, section 17, and Code, sec. 236, par. 5. The Superior Court Judge

had no power greater than the County-Court Judge had, and his is limited: Code, sections 3959, 3960, 3961.

No appearance for defendants.

*McCAY, J.

We are clear, that the failure of Johnson to obey the order of the Court, in this case, was not a contempt. His answer is not disputed, and by it he shows that it is impossible for him to obey. Clearly, the Court, in this proceeding, has no other power but to enforce, if possible, the delivery of the property. It cannot, in this way, deliver to the proper owners the value of it. It sits as a Court, under the possessory-warrant law, and as the successor of the County-Court.

Johnson, by his answer, shows that it is out of his power to deliver the property. Is a man in contempt for failing to obey an order of the Court which it is admitted he can not obey? At the time he disposed of the property there was no order requiring him not to do so, and it is not, therefore, proper to punish him for contempt in selling it, and it is just as improper to punish him for contempt, for not obeying the order now that it is impossible for him to do so.

For myself, I am of opinion, that after the property was turned over to Johnson, on his giving the bond required by the statute, there could be no supersedeas of the judgment. It is idle to talk about superseding a judgment that has been performed, and when the property was, in pursuance of the judgment, turned over to Johnson, on his giving the bond required by the statute, the judgment was performed. If, subsequently to this, a certiorari was sued out, and the judgment was reversed, it was not in the power of the Court to order the property back by such a proceeding as this.

Why is not this just such a case as one in which a money judgment is had, and the money collected under it, and subsequently the judgment is reversed on certiorari? Can the magistrate, in such a case, order the money paid back, and punish the party for contempt, if he fails? Clearly not. And so I think in this case.

Having permitted the judgment to be performed, before the sued out his certiorari, Yoemans is left, on the reversal of the judgment, to the ordinary remedies. He can proceed *against Johnson, as though such judgment had never been had, but he cannot punish him for having obeyed it whilst it was unreversed.

Judgment reversed.