THE CENTRAL RAILROAD AND BANKING COMPANY *v.* FOLDS.

A motion to reinstate a case after the award of a nonsuit is in the nature of a motion for a reconsideration, and is addressed to the legal discretion of the court; and for the Supreme Court to interfere with a judgment reinstating such case, it should appear that the court below abused its discretion.
October 13, 1890.

Nonsuit. Practice. Before Judge VAN EPPS. City court of Atlanta. March term, 1890.

Reported in the decision.

CALHOUN, KING & SPALDING and J. T. PENDLETON, for plaintiff in error.

ARNOLD & ARNOLD, *contra*.

Blandford, Justice.

The court in this case awarded a nonsuit. The defendant in error (who was the plaintiff in the court below) moved that the court set aside the judgment or nonsuit and reinstate the case, which the court did, whereupon the defendant excepted and alleges this was error.

Where a motion is made to reinstate a case after a nonsuit has been awarded, it is in the nature of a motion for a reconsideration, and addresses itself to the sound legal discretion of the court. This court would be very loath to interfere with the judgment of the court below reinstating the case. In other words, it would have to be such a case as that it should appear that the court abused his discretion in reinstating the case. In this case we do not think there was any abuse of the discretion of the court in setting aside the judgment of nonsuit and in reinstating the case.

The judgment is                    *Affirmed.*