# OAHU RAILWAY & LAND CO., A CORPORATION, v. JAMES ARMSTRONG.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED DECEMBER 11, 1907.    DECIDED DECEMBER 16, 1907.

HARTWELL, C.J., WILDER AND BALLOU, JJ.

CONTEMPT—*noncompliance with decree.*

Defendant, having admitted the maintenance over the land of another of a pipe line claimed to be an easement to adjoining lands but decided to be a trespass, cannot justify his disobedience of a decree enjoining its further maintenance upon the ground that his cotenant in and mortgagee of the adjoining lands will not allow him to remove it.

OPINION OF THE COURT BY HARTWELL, C.J.

Pursuant to the decision of this court (*O. R. & L. Co. v. Armstrong,* 18 Haw. 258,) the circuit judge, September 26, 1907, made a decree enjoining the defendant under penalty of being adjudged in contempt of court from maintaining a certain pipe line across Lehua avenue at Pearl City, so far as the same is within the limits of the plaintiff's land known as Lehua avenue, and from carrying water across said land through said pipe. November 5, 1907, the plaintiff filed in the cause the affidavit of its secretary, Van Valkenberg, setting forth that the pipe line had not been removed by the defendant in compliance with the decree. The judge thereupon ordered the defendant to appear and show cause why he should not be found guilty of contempt of the order and injunction of said court, and, after having heard counsel, adjudged the defendant's excuse for noncompliance with the decree to be insufficient and adjudged him to be in contempt of court "in having failed, neglected and refused to comply with said final decree of this court and that he be hereby committed to the custody of the

sheriff of the county of Oahu until the terms and provisions of said decree shall be complied with or until the further order of this court." The defendant appealed.

The contention of the defendant is that he is excused from complying with the decree because prior to the institution of the suit he had conveyed to L. L. McCandless an undivided one-half interest in the land to which the water was conveyed through the pipe in question and also had mortgaged his one-half interest to the same person. The cases cited for this contention hold that one is not liable to be punished for contempt for failing to do an impossible thing. *Hogue v. Hayes,* 53 Ia. 377; *Johnson v. Yoemans, et all.,* 41 Ga. 368; *Cowart v. Dunbar,* 56 Ga. 418; *Register v. State,* 8 Minn. 185; *Adams v. Haskell,* 6 Cal. 316; *Worden v. Orange County Bank,* 1 Wend. 310. But it is not impossible for the defendant to cease to maintain the pipe across the plaintiff's land. If he should incur liability to his cotenant and mortgagee by ceasing to do that which he had no right to do in the outset this would result from his admission in his answer that he was maintaining the pipe in controversy and from his failure to plead nonjoinder of McCandless so that the decree should determine the rights of both. The plaintiff might properly have joined McCandless as a codefendant but there is no rule requiring joinder of tort-feasors, the plaintiff having proceeded against the defendant on the theory, which was sustained by the court, that the maintenance of the pipe was a trespass.

The order appealed from is affirmed.

*M. F. Prosser (Kinney & Marx* on the brief) for plaintiff.
*A. G. M. Robertson* for defendant.