### PENDERGRASS *v.* DUKE; *et vice versa.*

Under the facts of this case, the court erred in not dismissing the motion for a new trial.

August 14, 1913.

Motion for new trial. Before Judge Jones. Jackson superior court. May 28, 1912.

The case of Duke *v.* Pendergrass was tried at the February term, 1912, of the superior court of Jackson county, which term continued longer than one week. Judge J. B. Jones, of the Northeastern circuit, presided the first week of the term, in the absence of Judge Brand, the judge of the Western circuit, of which Jackson county constitutes a part. The case was tried and submitted to the jury during the first week. At the close of that week, the jury still having the case under consideration and not having returned a verdict,

it was agreed by counsel for both parties that the jury should return a sealed verdict on Monday of the second week of the court. Judge Walker, of the Toombs circuit, presided during the second week. The jury rendered a verdict for the plaintiff on Monday of the second week, which was February 10, and a decree was entered thereon, signed by Judge Walker. On February 12, while Judge Walker was presiding, the defendant presented to Judge Jones, who was then presiding in the superior court of Stephens county, in his own circuit, a motion for a new trial on the general grounds that the verdict was contrary to the evidence, etc. On the last-mentioned date Judge Jones granted a rule nisi calling upon the plaintiff to show cause before him, on April 29 following, at Gainesville, why a new trial should not be granted. This order provided: "If for any reason this motion is not heard and determined before the beginning of the next term of this court, then the same shall stand on the docket until heard and determined at said term or thereafter. It is further ordered that the movant have until the hearing, whenever it may be, to prepare and present for approval a brief of evidence in said case; and the presiding judge may enter his approval thereon at any time, either in term or vacation; and if the hearing of the motion shall be in vacation and the brief of evidence has not been filed in the clerk's office before the date of the hearing, said brief may be filed in the clerk's office at any time within ten days after the motion is heard and determined." The order directed that the plaintiff be served with copy of the motion and order. The motion, together with the order granting the rule nisi, was filed in the office of the clerk of the superior court of Jackson county on February 14, 1912, and on the same day counsel for the plaintiff acknowledged due and legal service of the motion and order, and waived time, copy, and all other and further service. No brief of evidence accompanied the motion when it was presented to Judge Jones or when it was filed with the clerk. When the hearing of the motion for a new trial came on before Judge Jones at Gainesville, April 29, 1912, and before the motion was heard, counsel for the respondent moved to dismiss it on the following grounds: "1st. Because the order requiring respondent to show cause why a new trial should not be granted did not issue from the superior court of Jackson county. 2nd. Because said order was not signed by the judge presiding over said court at the time the

record in said case was closed. 3rd. Because the order requiring respondent to show cause why a new trial should not be granted was not signed by the judge presiding over Jackson superior court at the time the application for a new trial was made." Judge Jones, after hearing argument, took the matter under consideration, and on May 28, 1912, he» overruled the motion to dismiss the motion for a new trial, and refused to grant a new trial. The brief of evidence was filed May 30, 1912. Pendergrass excepted to the overruling of his motion for a new trial; and Mrs. Duke filed a cross-bill excepting to the overruling of her motion to dismiss.

*Ray & Ray, P. Cooley,* and *E. K. Lumpkin,* for Pendergrass.

*John J. Strickland, T. J. Shackelford,* and *J. A. B. Mahaffey,* contra.

FISH, C. J. (After stating the facts.) The question that is controlling, as to both the main and cross bills, is whether Judge Jones, at the time he rendered the judgments respectively complained of in the main and cross bills of exceptions, had jurisdiction to render the judgments. It is true that a motion for a new trial had been filed during the term at which the trial was had, but no brief of evidence—which is an essential part of a valid motion—accompanied it; nor, as will hereinafter appear, had any valid order been granted extending the time for preparing and filing such brief. While a judge of the superior court has power to hear and determine a motion for new trial in vacation as well as in term time, without an order passed in term time (Civil Code, § 4852), when upon the application of either party the judge has fixed a time for the hearing, and ten days notice thereof has been given the opposite party (Civil Code, § 4852), such power can be exercised only where there is a valid motion for new trial pending. When the motion for a new trial in the present case was filed, Judge Walker was presiding. Judge Jones, at the end of the previous week of the term, had severed his connection with the court in which the trial was had; and therefore he had no more power to grant an order relating to the motion for new trial, or authority to hear and determine it, than any other judge of the superior courts of the State who had not presided in the court during the term at which the trial of the case was had. Of course Judge Walker, who was presiding when the motion was filed, could have granted a rule on the motion for new trial returnable before Judge Jones, to be heard

and determined by him; but as this was not done, we are of the opinion that Judge Jones was without jurisdiction to entertain the motion for a new trial and to pass upon its merits, and therefore that he should have dismissed it on motion. The judgment on the cross-bill of exceptions is therefore *reversed;* and as this ruling disposes of the whole case, the main bill of exceptions is *dismissed.*

*All the Justices concur.*