## LIVERPOOL AND LONDON AND GLOBE INSURANCE COMPANY LIMITED *v.* PEOPLES BANK OF MANSFIELD.

1. Under the facts of this case, and in view of the practical construction placed upon his own conduct by the presiding judge, this court can not declare as matter of law that the term of the superior court at which the cause which furnishes the basis of the controversy had been tried had been finally adjourned more than four days before the entry of judgment upon the verdict which was made therein.

2. A suit was brought in the superior court of Newton county, and two summonses of garnishment were sued out; one for an insurance company having an agent resident in that county, and another for an insurance company having an agent resident in Walton county. These summonses were served by the sheriffs of the respective counties. The company having the agent resident in Newton county filed an answer which was traversed. The clerk of the superior court, in entering the case upon the docket, entered the name of the original plaintiff and defendant and the name of the insurance company having the agent resident in Walton county as garnishee. He, however, entered the names of the attorneys who represented the company whose answer had been traversed opposite the name of the garnishee, and the other entries showed that there had been an answer and traverse, which entry could not have applied to the company having the agent in Walton county. The issue formed by the traverse of the answer was continued by consent, and the entry thereof was entered opposite the entry of the case as above stated. During the term, after the continuance was thus had, the issue formed by the answer and traverse was called up and tried, though counsel for the garnishee was absent, as they contended, because of an agreement with counsel for the plaintiff. An entry of the verdict was made opposite the entry of the case above stated. There was no allegation that counsel for the garnishee was misled by reason of the erroneous entry of the case, or that any injury accrued to his client by reason thereof. *Held,* that the error of the clerk in docketing the case inaccurately will not invalidate the verdict rendered upon the traverse.

   (*a*) A verdict is not illegal because it is entered on the wrong paper.

3. Under the evidence as to the understanding of counsel, this did not require an injunction.

4. A rule nisi for a new trial in a civil case does not operate as a supersedeas, unless the court so orders.

   (*a*) Where a judgment is taken against a garnishee and duly entered, pending a motion for new trial by the judgment debtor without a supersedeas, this furnishes a sufficient basis to proceed against the garnishee, subject to the result of the motion for new trial.

5. There was no error in dissolving the restraining order previously granted, and in denying an injunction.

APRIL 16, 1915.

Petition for injunction. Before Judge Reid. Newton superior court. November 26, 1914.

The Peoples Bank of Mansfield brought suit against L. R. Sams on three promissory notes aggregating about $2,800, to the March term, 1914, of Newton superior court, and a summons of garnishment was served on the agent of the Liverpool and London and Globe Insurance Company, whose office was in Walton county, Ga. The insurance company filed an answer denying any indebtedness. This answer was traversed, and written notice of the traverse was served on the insurance company. On the trial of the traverse the jury rendered a verdict against the garnishee, the insurance company, for $1,000. The latter then filed a petition against the Peoples Bank of Mansfield, praying for injunction to restrain the enforcement of the fi. fa. and the judgment on which it was founded, and for other relief. The petition alleged substantially, that a verdict was rendered against the defendant in fi. fa. on July 23, 1914; that a motion for new trial was made by the defendant Sams, and was not disposed of by the court until October 10, 1914, when, as the judgment showed, by agreement of counsel the motion for new trial was dismissed; and that judgment was entered against petitioner as garnishee on October 5, 1914, based on the verdict rendered on September 23, 1914. It is alleged that this judgment was entered more than four days after the adjournment of the September term of Newton superior court (when the verdict was entered), and is therefore void; the circumstances relative to adjournment being, according to plaintiff's evidence, that on Friday afternoon of September 25th, 1914, the presiding judge of the court "discharged the jury, with thanks, for the term, and directed that they could call on the clerk for their 'script;'" and that shortly after the jury had been discharged the presiding judge descended from the bench, "and since that time, to wit, Sept. 25, 1914, there has not been at any time any visible evidence of said court being in session." The presiding judge certified, that the court transacted no business at the September term, 1914, of Newton superior court, after he left the bench; that he made no written order adjourning the court at that term, nor at any other term. It is alleged, that the defendant in fi. fa., Sams, has brought suit against petitioner to the September term of Newton superior court, on the policy upon which the Peoples Bank claims the indebtedness of petitioner to Sams, on which claim verdict and judgment has been entered against it as garnishee; that petitioner has filed a meritorious plea

and answer, and this case has not been disposed of, and can not be until the next term of court; that the certified copy of the affidavit and bond for garnishment in this case is not such as is required by law; that petitioner's agent was served by the sheriff of Newton county, and service of summons of garnishment should have been entered on the original and not on a certified typewritten copy; that Sams is insolvent, and, if he should establish a liability against petitioner on the policy of insurance, it would be inequitable and unjust to require petitioner to pay the same alleged indebtedness twice. By amendment it was alleged as follows: When notice of the traverse of the answer of garnishment, returnable July 20, 1914, was served upon the attorneys for petitioner, it was agreed between counsel for plaintiff in the garnishment proceedings and the attorney for petitioner in this case, that the traverse should not be tried on the return thereof on July 20, 1914; and the attorney for petitioner understood that, by the agreement, trial of the traverse should be postponed until the termination of the litigation, which was either pending or in immediate prospect, on the question of liability on the policy of insurance. Suit on the policy was duly brought, and was pending in court at the time the traverse of the answer to the garnishment was put to trial in the absence of petitioner's attorneys. But for the understanding on the part of petitioner's attorney, who was the sole member of his firm representing the interests of petitioner, he would have been present or represented on the call of the traverse to the answer, and would have resisted the rendition of any judgment thereon; and upon the facts being brought to the attention of the court, it being made to appear that the only claim of liability of the garnishee was based on the policy of insurance, the court would not have anticipated the issue in that case by trying the traverse to the answer of garnishment, etc. Petitioner admits that the attorney for the plaintiff in fi. fa. claimed that he did not so understand the arrangement between himself and the attorney for petitioner, and that issue need not be determined in this case further than to determine that there was a misunderstanding. By reason of the misunderstanding the petitioner was not represented on the call of the traverse to the answer to the garnishment, and it would be inequitable and unjust to allow the judgment to stand under such circumstances, etc. If the issue on the trial of the suit on the insurance policy should be

determined against petitioner, it is entirely willing to have whatever amount is so found applied under the garnishment proceedings, but petitioner should not be deprived of its right to contest its liability under the policy of insurance, in view of the misunderstanding of its counsel as to the time when the traverse would be tried.

At the close of the testimony, the court rendered a judgment dissolving the restraining order previously granted and denying the application for injunction; and to this judgment the plaintiff excepted.

*Smith, Hammond & Smith* and *C. C. King,* for plaintiff.

*Rogers & Knox,* for defendant.

HILL, J. (After stating the foregoing facts.)

1. After a general term of the superior court has been organized by the presiding judge and put into operation, the term continues until finally adjourned by the presiding judge or by the operation of some provision of law. In *King* v. *Sears,* 91 *Ga.* 577 (18 S. E. 830), and *Hines* v. *McLellan,* 117 *Ga.* 845 (45 S. E. 279), the court took a recess until a fixed date, and it was held that this did not end the term, but it continued in the interval; and this was the ruling in the former case, although in such interval a term of court was held in another county of the circuit. We need not determine just what express provisions of law would end a term of court without action on the part of the judge, as there is no contention that there was any statutory provision bringing the term of court to an end in this case before the judgment was rendered. The question is whether, although he did not in express words order an adjournment of the term of court, language and actions of the judge amounted to finally adjourning the term, though in an informal way? On the subject of what transpired the following appears. One of counsel for the garnishee made an affidavit of which the following is the substance: The September term, 1914, of Newton superior court convened on the third Monday, which was the 21st day of that month, and continued in session daily until the afternoon of the following Friday, which was the 25th day of the month. On the afternoon of that day the judge of the court, who was presiding, discharged the jurymen for the term, with thanks, and directed them to call on the clerk for scrip for their services. Shortly after the jurymen had been discharged, the judge

descended from the bench, and since then up to the time of the making of the affidavit (November 14th) there was no visible evidence of the court being in session. The affiant added the statement: "In other words, the said court on said date, in common parlance, adjourned." Counsel for the plaintiff in the original case, the defendant in the present case, stated that they had examined the minutes, and that there was no order of adjournment of the September term, 1914, thereof. The presiding judge added the following note: "The court transacted no business at the September term, 1914, of Newton superior court after I left the bench. I made no written order adjourning the court at that term nor at any other term."

While no exact formula of words is necessary in adjourning a term of court, the evidence and the note of the presiding judge leave in some doubt the question as to whether he intended by what he said and did to adjourn the term of the court finally, and whether by the note he meant that that was his usual method of informally adjourning court, or whether there was no final adjournment of court but what happened amounted to a mere cessation of business without an adjournment. Inasmuch, however, as the regular judge of the circuit, who presided during the week beginning September 21, 1914, refused to grant an injunction against the enforcement of the judgment which would have been entered in vacation if the term of court was finally adjourned on the 25th of September, and the same judge made the note to which we have referred, considering this fact in connection with those above set out, we can not declare that the judge finally adjourned the term of court on the date mentioned; and decline to so rule. In this connection see *Pinnebad* v. *Pinnebad,* 129 *Ga.* 267 (58 S. E. 879). The statement of the attorney, that, "in other words, the said court on said date, in common parlance, adjourned," was evidently a mere statement of an opinion as to the effect of the facts he had already detailed.

In accordance with what we have said, treating the term of court as not having been finally adjourned when the judgment was entered, it was in time. What has been said in this division of the opinion represents the views of the majority of the Justices of this court. Justices Atkinson and Hill, concur in the ruling that, under the facts set forth in statements of counsel and the certificate of

the judge, the court was not adjourned at the time when the judgment was rendered, but do not concur in any intimation that a different ruling might have been made except for the fact that the judge refused to enjoin the enforcement of the judgment.

2. The second headnote requires no elaboration.

The verdict was entered on the certified copy of the affidavit and bond, and complaint is made of this fact. The pleadings with respect to the issue against the garnishee consist of the answer of the garnishee and the traverse thereto. The entry of the verdict on the wrong paper will not invalidate it. *Roberts* v. *State*, 14 *Ga.* 18, 19; *Sapp* v. *Parrish*, 3 *Ga. App.* 234 (2), 236 (59 S. E. 821).

3. It is contended that it was understood by counsel for plaintiff in error that the traverse to the answer of the garnishee should not be tried until the termination of the litigation "which was pending, or in immediate prospect," on the question of the liability of the plaintiff in error on a certain insurance policy in which the defendant in fi. fa. was the beneficiary and plaintiff. Under the evidence, this contention affords no cause for an injunction.

4. Complaint is made that the verdict and judgment were entered against the garnishee pending a motion for a new trial by the defendant in fi. fa. It is insisted that the motion for a new trial and order nisi of the court thereon acted as a supersedeas, and that no judgment could be taken while such supersedeas was in effect. It appears affirmatively that a judgment was rendered against the defendant, and that there was no formal order of the court, in connection with the motion for new trial, superseding the judgment; and in such cases the statute declares that "A rule nisi for a new trial shall not operate as a supersedeas, unless so ordered by the court, in which case the court may demand bond and security for the eventual condemnation-money, when the exigency of the case requires it." Civil Code (1910), § 6081. In such a case a judgment against the garnishee, duly entered pending a motion for new trial by the judgment debtor, without a supersedeas, furnishes a sufficient basis to proceed against the garnishee, subject to the result of the motion for new trial. *Holbrook* v. *Evansville &c. R. Co.*, 114 *Ga.* 1 (39 S. E. 937). Applying the above principle to the present case, it was not error to enter up a judgment against the garnishee, where a motion for a new trial was made but no order for a supersedeas was taken.

5. There was no error in dissolving the restraining order previously granted, and in denying an injunction.

We feel it our duty to call the attention of our brethren of the superior court bench to the great danger and possible wrongs which may arise to litigants and to the public from failing to formally adjourn a term of the superior court and leaving in doubt the question of whether the court is in session or not. A term of court ought to be formally adjourned, and the adjournment ought to be made a matter of record. If it is desired to adjourn a court to another term or take a recess, this should be placed upon the minutes, so that parties and counsel may know when to return to court and when to anticipate the possibility that their cases may be taken up or disposed of. If the judge simply leaves the court-house and perhaps the county, with no certainty as to whether the court has been adjourned or remains in session, and with no way for counsel, parties, or witnesses to know whether they must still be on the lookout for those things which may happen in term time, or whether they can safely go until some fixed time in the future, and if the judge may at any uncertain time return and transact business suitable only to be done in term time, it will readily be seen that the gravest hardship may happen unintentionally by throwing parties interested in court business off of their guard as to whether court is in session or not in session, and as to whether they are bound to be on the watch for an indefinite time lest the judge may return to the county and their business be disposed of in their absence or when they are unprepared. Moreover such a practice leaves in a state of uncertainty the time within which motions for a new trial and writs of error must be presented.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*