9874, 9875. GAINESVILLE BUGGY & WAGON CO. *v.* MORROW *et al;*
and *vice versa.*

LUKE, J. 1. As to the case for which he is chosen, a judge pro hac vice has all the powers and duties which, but for the disqualification, would devolve upon the regular presiding judge of the court, not only with respect to the jury trial of the case, but also with respect to matters of review and appeal, and to all other matters therein subsequent to the verdict and judgment. Civil Code (1910), § 4856; *Henderson* v. *Pope,* 39 *Ga.* 361; *Clayton* v. *Wallace,* 41 *Ga.* 268.

2. All applications for a new trial, except in extraordinary cases, must be made during the term at which the trial was had and within the time prescribed by law. Civil Code (1910), § 6089. But the clerk is not required to enter such motions upon the minutes of the court, or to treat them otherwise than as pleadings regularly filed in vacation. Civil Code (1910), § 6080. The presentation and approval of such a motion, together with the rule nisi issued thereon, is an ex parte proceeding. There is no statute prescribing that such steps shall be taken while the trial judge is upon the bench presiding in the same or another case; nor is there any reason known to the law why a motion for a new trial may not be presented, approved, served, and filed, or why any one or more of such steps may not be taken, during a temporary recess of the court, or away from the court-house as well as at it. *King* v. *Sears,* 91 *Ga.* 577 (18 S. E. 830).

3. In view of what is said above, the refusal to dismiss the motion for a new trial was not error. The decision in the case of *Norris* v. *Pollard,* 75 *Ga.* 358 (3), is not in point here. It does not relate to a case in which a judge pro hac vice presided. Nor is the case of *Pendergrass* v. *Duke,* 140 *Ga.* 550 (79 S. E. 129), in point, for in that case the judge who was presiding at the time the motion for a new trial was presented, and to whom the motion should have been presented, had also presided at the time the verdict therein complained of was received, and had actually entered the final decree in the case, and his qualification to entertain the motion for a new trial and to issue the rule nisi thereon was unquestioned.

4. The evidence authorized the verdict, which has the approval of the trial judge. The charge of the court was, as a whole, full and fair, and for no reason assigned does this court see error requiring a reversal of the judgment overruling the motion for a new trial.

*Judgment affirmed on both the main bill of exceptions and the cross-bill. Wade, C. J., and Jenkins, J., concur.*

DECIDED JANUARY 15, 1919.

Complaint; from city court of Hall county—H. H. Perry, judge pro hac vice. May 1, 1918.

*J. O. Adams, Ed. Quillian, C. R. Faulkner,* for plaintiff.

*W. N. Oliver, W. B. Sloan,* for defendants.