Judgment affirmed. <i>Broyles, P. J., and Stephens, J., concur.</i>

DECIDED APRIL 22, 1919.

Action for breach of contract; from city court of LaGrange—Judge Moon. September 20, 1918.

*R. A. McGraw, J. B. Hatchett,* for plaintiff.

*Lee B. Wyatt, Arthur Greer, L. L. Meadors,* for defendant.

---

## 10138. ROBERTS v. BANK OF LAGRANGE.

Where a case has been tried before a judge pro hac vice and by consent the verdict has been received by the regular judge of the court, the former has jurisdiction to entertain a motion for a new trial, to issue a rule nisi thereon, and to pass upon the motion, although when the

motion was presented and when the rule was issued he was not upon the bench but was within the bar of the court, and the regular judge of the court was presiding therein on the trial of another case.

DECIDED APRIL 22, 1919.

Complaint; from city court of LaGrange—B. J. Mayer, judge pro hac vice. September 3, 1918.

*Arthur Greer,* for plaintiff.

*Duke Davis, Hatton Lovejoy,* for defendant.

BROYLES, P. J. This case was tried in the city court of La-Grange before a judge pro hac vice. Before the verdict was returned the regular judge of the court resumed the bench, and by agreement he received the verdict. The losing party (the plaintiff) in due time moved for a new trial. This motion was presented to the judge pro hac vice, who was within the bar of the court, while the regular judge was presiding in the trial of another case, and the rule nisi was then and there signed by the judge pro hac vice. When the motion for a new trial came on for a hearing the defendant filed a motion to dismiss it on the following grounds: " (1) Because the order requiring respondent to show cause why a new trial should not be granted did not issue from the city court of LaGrange. (2) Because the order was not signed by the judge presiding over said court at the time the record in said case was closed. (3) Because the order requiring respondent to show cause why a new trial should not be granted was not signed by the judge presiding over the city court of La-Grange at the time the application for new trial was made. (4) Because the Honorable B. J. Mayer was without jurisdiction to sign the order requiring respondent to show cause why a new trial should not be granted at the time said order was signed, because he was not presiding as judge of the city court of LaGrange at the time said order was signed."

We see no substantial merit in these purely technical grounds, and, in our opinion, they were properly overruled. We do not think this holding is contrary to the ruling in *Pendergrass* v. *Duke,* 140 *Ga.* 550 (79 S. E. 129). That decision was in reference to the authority of a visiting judge of the superior court, holding court for one week in the circuit of another judge, where he was succeeded the following week by a second visiting judge, to entertain a motion for a new trial presented when the second visiting judge was presiding over the court; and it was held that the first visiting

judge had lost all jurisdiction over the court, and that the motion should have been presented to the second visiting judge and the rule nisi signed by him and made returnable before the first visiting judge. The authority of a judge pro hac vice to entertain a motion for a new trial in a case tried before him, where the motion was presented to him after the regular judge had resumed the bench, was not involved. While a judge pro hac vice has no general jurisdiction at all, his jurisdiction of the case which he is selected to try continues until it is finally disposed of. Under section 4856 of the Civil Code (1910), he exercises all the functions of a judge in that case. He entertains the motion for a new trial, issues the rule nisi thereon, and finally passes upon the motion. *Clayton* v. *Wallace*, 41 *Ga.* 268. A motion for a new trial may be filed and a rule nisi issued thereon while the court is not in session. *King* v. *Sears*, 91 *Ga.* 577 (18 S. E. 830). The rule nisi may be signed by a judge of the superior court in a county other than the one in which the case was tried, where he is holding another court. *Chattanooga, Rome & Columbus R. Co.* v. *Owen*, 90 *Ga.* 265 (15 S. E. 853). As was said by Warner, J., in *Clayton* v. *Wallace*, supra: "A pro tempore judge, selected under the provisions of the Code for the trial of a case, may exercise all the functions of a judge of the superior court in that case: Code 240; *Henderson* v. *Pope*, 39 *Ga.* 361. In such cases, the functions of such pro tempore judge extend to the hearing of a motion for a new trial in the case heard and tried before him as such pro tempore judge, although the presiding judge of the circuit may have resigned his office before the hearing of that motion; the hearing and deciding the motion for a new trial is a part of the trial of that case; such pro tempore judge derives his authority to hear and determine that special case from the public law of the State, and not from the presiding judge of the circuit, and having acquired jurisdiction to hear and determine the case under the public law of the State, his functions as such pro tempore judge continue until he shall have heard and decided the motion for a new trial in that case; notwithstanding the presiding judge of the circuit may have resigned his office before the hearing of that motion." See also *Gainesville Buggy &c. Co.* v. *Morrow*, ante, 268; *Butler* v. *Mooty*, ante, 572.

Applying the principle of law underlying these rulings, we think

the judge pro hac vice had authority to entertain the motion for a new trial and to issue a rule nisi thereon, although at the time he was not on the bench and the regular judge of the city court was presiding therein on the trial of another case, and although the latter judge, by consent, had received the verdict.

If there be any conflict between the decisions in the *Clayton* and the *Pendergrass* cases, supra, we are of course bound by the older adjudication.

2. Under the facts of the case it does not appear that the judge erred in granting a new trial.

*Judgment affirmed. Bloodworth and Stephens, JJ., concur.*