HARPER, administratrix, *v.* SOUTHERN RAILWAY CO.

On the facts recited in the certified question, the trial judge had jurisdiction of the motion for new trial at the time and place and in. the circumstances.

No. 6342. MARCH 15, 1928. REHEARING DENIED APRIL 16, 1928.

Question certified by Court of Appeals (Case No. 18132).

*T. J. Lewis, A. B. Knowles, Taylor Smith,* and *J. K. Jordan,* for plaintiff.

*Lloyd Thomas, Griffith & Matthews,* and *Maddox, Matthews & Owens,* for defendant.

GILBERT, J. The Court of Appeals propounds the following question: While Judge Price Edwards, one of the judges of the superior courts of Georgia, was presiding over the superior court

New Trial, 29 Cyc. p. 922, n. 21.

of Haralson County, one of the counties of his home circuit, the case of Mrs. Zether Harper, administratrix of the estate of W. T. Harper, *v.* Southern Railway Company was tried, a verdict rendered, and a judgment entered. The next week, while Judge James Maddox, of the Rome circuit, was presiding for Judge Edwards in the superior court of Haralson County, and while Judge Maddox was actually engaged in presiding over the trial of another case, or while the trial of said case was temporarily suspended, did Judge Edwards, to whom a motion for a new trial in the case of Harper, administratrix, v. Southern Railway Company was presented "at the corner of the court grounds," have any right to assume jurisdiction of a motion for a new trial presented by the railway company, issue a rule nisi thereon, and order the plaintiff to show cause why a new trial should not be granted in the case?

We answer that Judge Edwards had jurisdiction of the motion presented at the time and place and under the circumstances stated in the question. According to the facts stated, the judge acted in term time. See *Chattanooga &c. R. Co.* v. *Owen,* 90 *Ga.* 265, 267 (15 S. E. 853). *Pendergrass* v. *Duke,* 140 *Ga.* 550 (79 S. E. 129), and *Cross* v. *State,* 150 *Ga.* 786 (105 S. E. 371), are not in point, as they dealt with the powers of superior-court judges, who had been presiding in a circuit other than their own, to assume jurisdiction of motions after their services in such circuits had ceased and the duties of the office were being performed by another or the regularly elected judge.    *All the Justices concur.*