18132.   HARPER, administratrix, *v.* SOUTHERN RAILWAY CO.

DECIDED MAY 15, 1928.

*T. J. Lewis, A. B. Knowles, Taylor Smith,* for plaintiff.

*Lloyd Thomas, Griffith & Matthews, Maddox, Matthews & Owens,* for defendant.

BLOODWORTH, J.   While Judge Price Edwards, one of the judges of the superior courts of Georgia, was presiding over the superior court of Haralson county, one of the counties of his home circuit, the case of Mrs. Zether Harper, administratrix of the estate of W. T. Harper *v.* Southern Railway Company was tried, and a verdict was rendered and a judgment entered. The next week, while Judge James Maddox, of the Rome circuit, was presiding for Judge Edwards in the superior court of Haralson county, and while Judge Maddox was actually engaged in presiding over the trial of another case, or while the trial of the case was temporarily suspended, a motion for a new trial in the Harper case was presented to Judge

Edwards "at the corner of the court grounds," and he assumed jurisdiction of the motion, issued a rule nisi thereon, and ordered the plaintiff to show cause why a new trial should not be granted in the case. Mrs. Harper moved to dismiss the motion for a new trial, upon two grounds: first, "for the reason that the same has never been filed or become a court paper in the clerk's office of said court as required by law;" second, because "at the time his honor Price Edwards, judge, granted a rule nisi on the motion for a new trial in the above cause, the Hon. Price Edwards, judge of the superior court of Haralson county, Georgia, was not presiding in Haralson superior court, but that Hon. James Maddox, of Rome, Georgia, was presiding in said court," and "that said motion for a new trial should have been presented to his honor James Maddox, judge presiding in Haralson superior court at the time the same was applied for, to wit, on February 7, 1927, and not to his honor Price Edwards, as was done in said cause." The question whether or not Judge Edwards properly assumed jurisdiction of the motion for a new trial was certified to the Supreme Court, and that court answered that "Judge Edwards had jurisdiction of the motion presented at the time and place and under the circumstances stated in the question." See *Harper* v. *Southern Ry. Co.*, 166 *Ga.* 175 (142 S. E. 873).

This answer settles one of the grounds of the motion to dismiss the motion for a new trial. Under the evidence introduced on the trial of the motion to dismiss, there is no merit in the other ground. Judge Edwards, therefore, properly overruled the motion to dismiss the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*