28112. ADAMS, administrator, *v.* SEAY.

DECIDED MAY 16, 1940.

*A. A. Marshall,* for plaintiff in error.　*G. C. Robinson,* contra.

MACINTYRE, J.　The plaintiff in error contends that "the question is not whether the judge did something affirmatively to adjourn the term before the end of the two weeks duration provided for by statute, but whether the term·expired because the two weeks duration provided for by statute ran out, and the judge did not do anything sufficient to extend it beyond the time the statute says it should extend." The statute here referred to is the act of 1888 (Ga. L. 1888, p. 41), wherein it was provided that the terms of the superior court of Macon and Sumter Counties, both of which are in the Southwestern Judicial Circuit, should be as follows: "For the County of Macon, the second and third Mondays in May and November. For the county of Sumter, on the fourth Mondays in May and November, and to continue each term as long as may be necessary to dispose of the business." The plaintiff in error further contends that the statute limits the May term of the Macon superior court to two weeks by operation of law, in that it fixes the time for the convening of the superior court of Sumter county, another county in the same judicial circuit, for the fourth Monday in May. He therefore contends that the filing of the motion to reinstate the case was made after the fourth Monday in May, and

that Macon superior court was adjourned by operation of law by the arrival of the time for the convening of Sumter superior court on the fourth Monday in May, 1939, and the filing of the motion was too late and could not be considered by the court.

"So long as the superior court is. not finally adjourned for the term, the term continues, though other courts of the circuit be held in the meantime. A motion for a new trial may be filed in the recess as well as in open court. When so filed it may be acted upon by the judge at any time during the term." *King* v. *Sears,* 91 *Ga.* 577 (8), 578 (18 S. E. 830). The instant case differs from *Gilley* v. *Gilley,* 44 *Ga. App.* 818 (163 S. E. 241), in that there is no express limitation of the entire term to two weeks, as was held by the court in the *Gilley* case (*McAfee* v. *State,* 31 *Ga.* 411, 418; *Revel* v. *State,* 26 *Ga.* 275; 15 C. J. 881, § 231(36)), and the following rule is applicable to the case sub judice: "After a general term of the superior court has been organized by the presiding judge and put into operation, the term continues until finally adjourned by the presiding judge or by the operation of some provision of law." *Liverpool & London & Globe Ins. Co.* v. *Peoples Bank,* 143 *Ga.* 355, 358 (85 S. E. 114). After the regular general May term of the superior court of Macon County had been organized and put into operation by the judge, it continued in session until it was adjourned, or until it adjourned by operation of law as provided by the Code, § 24-3010, which is in part as follows: "It shall be the duty of the judges of the superior and city courts to adjourn the regular and adjourned terms of said courts, at least five days before the commencement of the next regular terms of said courts." No judge in the instant case had adjourned the May term of the Macon superior court. Neither did it adjourn by operation of law under the Code, § 24-3010, nor did the May term of the superior court of Macon County adjourn by operation of law merely because the time for the convening of the superior court of Sumter County, another county in the same judicial circuit as Macon County, had arrived, to wit, the fourth Monday in May, 1939, as provided by the act of 1888, supra. The next regular term of the Macon superior court following the May term would have been in November, 1939. Therefore the motion to reinstate did not come too late, for it was made more than five days before the commencement of the November term of Macon superior court, and was therefore during

the May term, the term at which the judgment of nonsuit was granted, it not having been adjourned by the judge. *O'Neal* v. *State,* 35 *Ga. App.* 665 (134 S. E. 332) ; *Worthington* v. *State,* 134 *Ga.* 261 (67 S. E. 805) ; *Perdue* v. *State,* 134 *Ga.* 305 (67 S. E. 810) ; *Liverpool &c. Ins. Co.* v. *Peoples Bank,* supra ; *Luke* v. *Luke,* 158 *Ga.* 103, 113 (123 S. E. 716) ; *Loud* v. *Pritchett,* 104 *Ga.* 648, 651 (30 S. E. 870) ; *Castellaw* v. *Blanchard,* 106 *Ga.* 97, 100 (31 S. E. 801) ; *Hines* v. *McLellan,* 117 *Ga.* 845 (45 S. E. 279) ; *Roberts* v. *Bank of LaGrange,* 23 *Ga. App.* 660, 662 (99 S. E. 145) ; *Gainesville Buggy & Wagon Co.* v. *Morrow,* 23 *Ga. App.* 268 (98 S. E. 100) ; see also *Chattanooga & Columbus R. Co.* v. *Owen,* 90 *Ga.* 265 (15 S. E. 853).

"While it has often been ruled that a court during the term at which a judgment is rendered has plenary power over it, and may 'to promote justice,' or 'for cause appearing,' amend, modify, or supplant the judgment *(Berrien County Bank* v. *Alexander,* 154 *Ga.* 775, 778, 115 S. E. 648), the power so to deal with a judgment is not an unlimited or arbitrary power, but a discretionary one which must not be abused. It is purely a legal discretion. . . The law seeks an end of litigation; and when parties have had full opportunity to plead and be heard, and a judgment is entered which in its nature ends the controversy, that judgment should not be disturbed, even while in the breast of the court, except in the exercise of sound legal discretion where it is necessary to do it in order to promote justice." *Cahoon* v. *Wills,* 179 *Ga.* 195, 196 (175 S. E. 563). "The mere laches of the party against whom the judgment has been rendered will not be considered a sufficient cause. *Moore* v. *Kelly,* 109 *Ga.* 798 (2) [35 S. E. 168]." *Kellam* v. *Todd,* 114 *Ga.* 981, 982 (41 S. E. 39). Where, however, a motion is made to reinstate a case after a nonsuit has been awarded, based on the general insufficiency of the evidence to make out a case as stated in the petition (here the affidavit to foreclose a laborer's lien), and the judge sustains the motion to reinstate on the ground that the evidence was sufficient to make out such a case, or that even if the evidence was not sufficient to authorize a verdict in the plaintiff's favor, yet the movant informs the court of other evidence in his possession which would, in connection with the evidence previously introduced, make out a prima facie case in favor of the plaintiff, and offers to submit such evidence, such motion for rein-

statement is in the nature of a motion for reconsideration, and is addressed to the sound discretion of the court. For us to interfere with the judgment reinstating the case it should appear that the court abused its discretion in reinstating it. In the instant case we do not think there was any abuse of discretion by the court in setting aside the judgment of nonsuit and reinstating the case. *Central Railroad & Banking Co.* v. *Folds,* 86 *Ga.* 42 (12 S. E. 216) ; *Southern Railway Co.* v. *James,* 114 *Ga.* 198 (39 S. E. 849) ; *Glenn* v. *Glenn,* 152 *Ga.* 793 (2) (111 S. E. 378) ; *City of Atlanta* v. *Miller,* 125 *Ga.* 495 (2) (54 S. E. 538) ; *Wallace* v. *Cason,* 42 *Ga.* 435, 440 ; *Athens Apartment Cor.* v. *Hill,* 156 *Ga.* 437, 443 (119 S. E. 631) ; *Jackson* v. *Atlanta Goodwill Industries Inc.,* 46 *Ga. App.* 425, 427 (167 S. E. 702) ; *Hartsfield Co.* v. *Kitchens,* 51 *Ga. App.* 154 (179 S. E. 920) ; *Walker* v. *Central of Georgia Ry. Co.,* 47 *Ga. App.* 240, 251 (170 S. E. 258) ; *Buchanan* v. *James,* 134 *Ga.* 475 (68 S. E. 72) ; *McMillan* v. *Mobley,* 169 *Ga.* 511, 514 (150 S. E. 843).

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*