ARLEDGE *v.* SOUTHEASTERN STAGES INC. *et al.*
BRINSON *v.* SOUTHEASTERN STAGES INC. *et al.*

No. 13631.   April'16, 1941.

*H. Cliff Hatcher,* for plaintiffs.

*Bussey & Fulcher* and *Lewis & Lewis,* for defendants.

BELL, Justice.  The first question propounded by the Court of Appeals recites that the trial judge directed the clerk to make entry on the minutes that the court had been recessed; shows the entry of the clerk to the effect that the court had been recessed; quotes the provision of the act which provides that when a session of the city court of Waynesboro shall be adjourned over for more than two days, a motion for new trial filed by a defendant shall be filed within two days from the date of such adjournment; and contains a further recital that the judge, in passing on a motion for a new trial made by a defendant more than two days after the date of the order mentioned, denied a motion made by the plaintiff to dismiss the defendant's motion on the ground that it had been filed too late, thus in effect construing his order as merely one recessing the court, and not as one adjourning the court over in the sense of the act. The second question is similar, except that it omits the statement that the judge in effect construed his order. as one recessing the court, and not adjourning it over.  The third question asks whether if a Sunday intervenes that day must be counted in calculating the two-day period.

Answering the first question:  In *Hines* v. *McLellan,* 117 *Ga.* 845 (45 S. E. 279), it was said that taking a recess is not the equivalent of an adjournment.  This was repeated in *Elrod* v. *Bagley,* 150 *Ga.* 329 (103 S. E. 841).  Ordinarily, if a court only takes a recess until a later date, it is not closed but is merely inactive, and the judge could, if desired, pass orders as in term, during the interim; whereas if a court should adjourn over to a later date, the interim might be considered generally as a period of vacation, although for the purpose of determining the time within

which to present a bill of exceptions, as in the cases just cited, or for the purpose of making a motion for a new trial, and perhaps for still other purposes, the original term should be treated as continuing during such intervening period. The general law requires that a motion for a new trial shall be made "during the term," but not that it should be filed in open court. See *Mathis* v. *Crowley*, 146 *Ga.* 749 (92 S. E. 213) ; *Chattanooga, Rome & Columbus Railroad Co.* v. *Owen*, 90 *Ga.* 265 (15 S. E. 853) ; *Chattanooga, Rome & Columbus Railroad Co.* v. *Huggins*, 89 *Ga.* 494 (15 S. E. 848) ; *King* v. *Sears*, 91 *Ga.* 577 (8) (18 S. E. 830) ; *Duggar* v. *East Tennessee, Virginia & Georgia Railway Co.*, 85 *Ga.* 437 (11 S. E. 811) ; *Jinks* v. *State*, 115 *Ga.* 243 (41 S. E. 580) ; *Carter* v. *State*, 14 *Ga. App.* 242 (80 S. E. 533) ; *Adams* v. *Seay*, 62 *Ga. App.* 589 (9 S. E. 2d, 117).

Two other sections besides section 7 of the act creating the city court of Waynesboro should be considered in this connection: Section 19 provides that "the terms of said city court shall be monthly and quarterly; the monthly terms shall be held on the first Wednesdays in each month and the quarterly terms shall be held on the second Mondays in March, June, September and December." Section 9 declares that "the judge of said city court may hold adjourned terms of said court, when, in his discretion, the same is advisable, and the jurors summoned to the quarterly term immediately preceding such adjourned term shall serve at such adjourned term." When the question here is considered in connection with all of the foregoing sections, it appears that the judge merely recessed the court from October 28, during a quarterly term, until the following Wednesday, November 1, which was the day for the beginning of the regular November monthly term. Apparently the announcement of a recess, with direction to the clerk as to entry of such, did not contemplate the holding of an *adjourned* term at a later date, within the meaning of section 9 providing for "adjourned terms." Under section 7, a motion for a new trial by the defendant must be made within two days after adjournment of the session at which the case was tried; provided, however, that when such session shall be "adjourned over" for more than two days, the motion should be filed within two days from the date of the adjournment over, and not within two days after the court is finally adjourned for the term. The section further declares that,

except as otherwise provided, the procedure relating to motions for new trials shall be the same as in the superior court. These provisions of section 7 should be read in connection with section 9; and thus considered, the words "adjourned over" would apparently contemplate adjournment over for the purpose of holding an adjourned term, and not a recess until the beginning of the next monthly term. See "adjournment" and "recess," 1 C. J. 1235; 53 C. J. 546; 2 C. J. S. 47, and notes.

Under the recitals contained in the question, it is apparent that the judge intended a distinction between a recess and an adjournment over, when he ordered that the court be recessed, and that he used the term "recess" advisedly. The recital in his order refusing to dismiss the motion for new trial would indicate that while the jury were considering the case he had clearly in mind the question whether he would adjourn or recess the court; for at that time, in response to an inquiry made by counsel as to the very matter, he informed counsel "that the term of the court would be recessed over to the first Wednesday in November, 1939, as had been our practice for a number of years to recess the quarterly term of the court to the first Wednesday in the following month." This indicates that he was not intending an "adjourned term" as provided for in section 9. While the line of distinction between a *recess* and the interval following an adjournment to a later time may be rather dim, or even nonexistent as to some purposes, yet there is some difference; and when the judge who passed the order subsequently construed it to mean a certain thing, that construction which he gave to *his own* order, if it is doubtful or ambiguous, will generally be adopted by the court of review. Compare *Barnes* v. *Macon & Northern R. Co.,* 105 *Ga.* 495 (30 S. E. 883) ; *Brown* v. *Richards,* 114 *Ga.* 318 (40 S. E. 224) ; *Pinnebad* v. *Pinnebad,* 129 *Ga.* 267 (2) (58 S. E. 879) ; *Liverpool & London & Globe Insurance Co.* v. *Peoples Bank of Mansfield,* 143 *Ga.* 355 (85 S. E. 114). We are of the opinion that under the recitals contained in the first question it could not properly be said on review that the session of the court had been "adjourned over" in the sense in which that expression is used in the act. The question is therefore answered in the negative. On viewing all of the questions together, it is apparent that since the first question is answered in the negative, it is unnecessary to answer the second and third questions.

*All the Justices concur.*