23556. COKER, Administratrix, et al. v. KENT.

CANDLER, Presiding Justice. A nonsuit was granted in this case on March 5, 1965. During the same term and on March 31, 1965, the plaintiff filed a motion to set aside the judgment awarding the nonsuit and to re-instate the case for trial. Movant prayed for leave to amend her motion by attaching thereto a brief of the evidence as soon as it could be prepared by the court reporter. On presentation of the motion, Judge Pharr granted a rule nisi requiring the defendant to show cause on May 14, 1965, why it should not be granted. His order also provides: "In the meantime this matter is continued from term to term and until the final hearing of said motion. . . Plaintiff is allowed to amend and perfect this motion, and to prepare and present for approval and file the brief of evidence in said case." Before the hearing, movant amended his motion by attaching thereto the evidence introduced on the trial. The defendant moved to dismiss the motion on the ground that no brief of the evidence was attached to it at the time of its presentation. This motion was denied. At the hearing plaintiff's motion to set aside the nonsuit judgment and to re-instate the case was granted. From those two judgments the defendant appealed and enumerated each as error. *Held:*

1. There is no merit in the contention that the court erred in refusing to dismiss plaintiff's motion to set aside the nonsuit judgment and to re-instate the case on the ground that such motion when presented did not have attached thereto a brief of the evidence. The court had power when such motion was presented to grant movant leave to perfect it by an amendment attaching the evidence thereto and this was done before the motion was finally heard. The decision in *City of Atlanta v. Jenkins*, 137 Ga. 454 (2) (73 SE 402) cited and relied on by appellant does not require a holding different from the one here made. In that case movant never perfected her motion by supplying a brief of the evidence in support of her motion to set aside a nonsuit judgment. That case holds that the procedure for presenting the evidence in motions for new trials should be employed in motions to set aside nonsuit judgments.

2. A motion to set aside a judgment granting a nonsuit and to re-instate the case for trial is in the nature of a motion for a

reconsideration of the court's action, and is addressed to the legal discretion of the court; and this court will not interfere to control the trial court's action in setting aside a judgment granting a nonsuit and re-instating the case, as was done in this case, unless it appears that the trial court has manifestly abused its discretion in that respect. See *Central R. & Bkg. Co. v. Folds,* 86 Ga. 42 (12 SE 216) ; *Southern R. Co. v. James,* 114 Ga. 198 (39 SE 849) ; and *City of Atlanta v. Miller,* 125 Ga. 495 (54 SE 538). The outcome of this case depends upon the validity of a warranty deed under which the plaintiff claims the land involved and after carefully examining the plaintiff's evidence on this point, we cannot hold that the trial court manifestly abused its discretion in setting aside the judgment awarding a nonsuit and re-instating the case for trial.

*Judgments affirmed. All the Justices concur.*

SUBMITTED JUNE 15, 1966—DECIDED JUNE 23, 1966.

*Lee Evans, E. Lewis Hansen,* for appellants.
*George Kasper, Mildred Kingloff,* for appellee.