**FEDERAL TRADE COMMISSION,**
Plaintiff,

v.

**Sol BLAINE, President, North American Acceptance Corporation, Defendant.**

**Civ. A. No. 12722.**

United States District Court
N. D. Georgia,
Atlanta Division.

Jan. 19, 1970.

W. Risque Harper, Federal Trade Commission, Washington, D. C., for plaintiff.

Ellis Arnall, Atlanta, Ga., for defendant.

## ORDER OF COURT

HOOPER, Senior District Judge.

The above stated case is a proceeding of civil contempt against respondent Sol Blaine, seeking to require him to produce certain records allegedly in his possession and control as President of North American Acceptance Corporation.

In order to grant movants the order requested it must appear by a legal preponderance of the evidence that respondent at the time of service on him of the subpoena in question had possession or control of the documents referred

to.[1] Evidence upon that issue on this hearing showed substantially the following:

Involved in this case are Items 16 and 17 of the subpoena in question.

■ *Specification # 16* pertained to over two hundred (200) files which were delivered to plaintiff in response to the subpoena, but delivery of the same was commenced one day after the date specified and delivery was continued from day to day until completed. Petitioner seeks to recover attorney's fees and damages for the delay but that is DENIED by the Court because reasonable excuse for the delay was given and no attorney's fees should have been incurred by petitioner since the delivery began the day after the date called for in the subpoena.

■ As to *Specification # 17* the following facts are shown: On April 9, 1968, approximately five months prior to the service of the subpoena in question, North American Acceptance Corporation delivered to its attorney, Ellis Arnall, some fifty (50) files containing its business papers, and all of these files called for by the subpoena were delivered by Mr. Arnall to plaintiff pursuant to the subpoena. Plaintiff contends that in some six or eight of the files letters which should have been in the files were missing. However, the positive testimony of Mr. Arnall, a highly respected attorney of this state, is to the effect that when the files were delivered to him he examined their contents and that the letters complained of by petitioner were not in the files. This testimony is not contradicted or impeached, and the Court must so find as a fact.

The testimony of Sol Blaine is to the effect that at the time of service of the subpoena such letters were not in his possession or control and he did not know where they were, nor the reason why they were not in the files. It appears, however, that some of the letters in question pertained to business transactions which had been closed for over a year by North American Acceptance Corporation, and testimony of Sol Blaine is to the effect that he did not have personal custody of the files, which custody was delegated to other employees of the company.

■■ The general rule has been stated in the following language:

"Ordinarily, one charged with contempt of court for failure to comply with a court order makes a complete defense by proving that he is unable to comply. A court will not imprison a witness for failure to produce documents which he does not have unless he is responsible for their unavailability, cf. Jurney v. MacCracken, supra, or is impeding justice by not explaining what 'happened to them." United States vs. Bryan, 339 U.S. 323, 70 S.Ct. 724, 94 L.Ed. 884 (1950).

However, the respondent can not be said to be "responsible for their unavailability" if prior to the time he was served with a subpoena to produce the documents he had previously disposed of the same in good faith. In the case of Johnson v. Yoemans, 41 Ga. 368, the court stated:

"Is a man in contempt for failing to obey an order of the Court which it is admitted he can not obey? At the time he disposed of the property there was no order requiring him not to do so, and it is not, therefore, proper to punish him for contempt in selling it, and it is just as improper to punish him for contempt, for not obeying the order now that it is impossible for him to do so."

Where it appears that a person, before the filing of a petition against him had "paid the money and transferred the other assets to his sister in discharge of a bona fide indebtedness to her" and she then had possession of the same and they

1. Washington v. Central of Georgia Railway Co., 174 F.Supp. 33 (M.D.Ga.1958), aff'd sub nom. Marshall v. Central of Georgia Railway Co., 268 F.2d 445 (5th Cir. 1959), cert. denied Marshall v. Brotherhood of Locomotive Firemen and Enginemen, 361 U.S. 943, 4 L.Ed.2d 363, 80 S.Ct. 407 (1960); A. H. Robins Company, Inc. v. Fadely, 299 F.2d 557 (5th Cir. 1962).

**934**

were not in his power, possession or control, and that was shown by a person "whose credibility as a witness is not impeached," he can not be held for contempt. Martin v. Burgwyn, 88 Ga. 78, 13 S.E. 958 (1891). The testimony of Ellis Arnall in the instant case to the effect that the papers had been delivered to him by respondent and delivered by him to the Federal Trade Commission is not denied nor impeached. See also Garlington, et al v. Coker, et al, 141 Ga. 678, 81 S.E. 1107 (1914).

The only theory left therefore under which order of contempt could be entered would be that respondent had in bad faith disposed of the documents prior to service of the subpoena. In the case of Washington et al v. Central of Georgia Railway, 174 F.Supp. 33 (aff'd. by 5 CCA in 268 F.2d 445, it was stated:

> "Under the law, the burden is on the moving party to show the facts necessary to establish contempt. This burden must be carried by clear and convincing evidence. While proof beyond a reasonable doubt is not required, the authorities sometimes say that more than preponderance of proof is required."

For reasons set forth above the prayers in the instant case for adjudging respondent Sol Blaine in contempt of court are denied and the petition is dismissed.