SARAH A. HILL, plaintiff in error, *vs.* WM. T. VANDUZER, *et al.*, defendants in error.

37  293
f113 459

The defense to a promissory note was that it should be "scaled" under the ordinance of November, 1865, and it was not shown what was the consideration of the note.   The Court refused to allow proof of the value of Confederate currency, at the date of the note, etc., because the consideration was not shown, and charged the jury that the facts constituted no defense without proof of such consideration.   A verdict for the full amount was rendered against the deféndant, and he moved for a new trial because of that refusal and that charge, and the Judge granted a new trial: *Held*, that he did right.

Complaint.   Scaling ordinance.   New trial granted by Judge WILLIAM M. REESE.   Elbert Superior Court.   September Term, 1866.

This was complaint on the following promissory note:

One day after date we, or either of us, promise to pay Sarah A. Hill, guardian of her infant children, or bearer, Three Thousand Dollars for value received. Witness our hands and seals, this 28th day of November, 1863.                                          MARIAH HALL.

MARY A. HALL, *Security.*

Endorsed, WM. T. VANDUZER.

The effort was to scale it under the ordinance of 1865.

After the note had been read in evidence, the defendants showed by the Deputy Sheriff, that on the 7th of April, 1863, he collected for plaintiff $3,684.90 on a *fi. fa.,* in her favor, and in the latter part of November, 1863, he paid over to Vanduzer, defendant, for said plaintiff over $3,000.00 of said money upon plaintiff's receipt for it. These payments were in Confederate money, which was then the only currency.

The defendants also read in evidence the *fi. fa.,* which was against one Wall for $2751.21 principal, $797.12 interest, and $7.25 costs, founded upon a judgment in favor of plaintiff against Wall obtained in the January Term, 1863 of the Inferior Court of said County. By it, it appeared that Wall had paid the said witness $3,684.90 in full of said *fi. fa.,* on the 7th of April, 1863, that he paid $3,513.19 to plaintiff on the 30th of November, 1863, and to Vanduzer as plaintiff's attorney $171.71 on the 5th of December, 1863.

By several witnesses it was shown that Confederate money was at those dates the only currency, and that in giving notes for borrowed currency it was usual to promise so many "dollars." All this evidence was admitted over plaintiff's objections to its competency.

It was not shown what was the consideration for said note. The defendants offered to show the value of Confederate currency at those dates, etc., but the Court refused to allow it shown. Upon these facts the plaintiff obtained a judgment for the full amount of the note, the Court having charged the jury that said facts constituted no defense without proof of the consideration of the note.

The defendants moved for a new trial, on the grounds that the verdict was contrary to the evidence, etc., that the Court erred in rejecting said testimony, and in charging as afore-

said, and because since the trial they had discovered that they could show by themselves that the consideration of the note was Confederate currency.    This last ground was inserted at March Term, 1867, because, after the trial, by act of the legislature the parties were made competent witnesses for themselves.

Vanduzer had filed no plea in the cause, nor participated in the defense, but had " answered " to the cause.    Because he had not plead plaintiff's attorneys objected to his being a party to said motion for new trial.

The Court overruled this objection and granted a new trial to all three defendants, and this is assigned as error.

A. KERMAN, for plaintiff in error.

HESTER, MATTHEWS & REID, for defendants in error.

HARRIS, J.

On the trial below defendants having been sued on a note made by them, dated November, 1863, payable at one day, for $3,000.00, sought under and by virtue of the ordinance of the Convention of November, 1865, to show that the note was given for the loan of Confederate treasury notes—and to reduce the plaintiff's demand to the gold value of said notes at the time of the loan.    In the course of the trial defendants offered testimony to prove the value of the Confederate treasury notes at the time of the making of the note sued on, which the Court repelled.    A verdict was then rendered for plaintiffs for the full amount of the note.    The defendants thereupon moved for a new trial.    The Judge becoming satisfied that he had erred in excluding proper testimony, granted a new trial.

This prompt and manly correction of error is highly commendable.    If the errors occurring in the rapid dispatch of business in the Superior Courts were corrected as in this case more frequently than they are, (and our system contemplates such constant correction by them,) very much of the labor of the profession would be diminished thereby, expense

to parties litigant curtailed, and this tribunal relieved from reviewing and reversing many cases which should be corrected below. No higher praise can be accorded a Judge, than to say of him that his mind is always open to reason, that he is at all times uninfluenced by any pride of opinion, and that he is as prompt and as eager to discover an error in his own judgment as he would be to perceive it in that of another, and with frankness to acknowledge it.

We affirm the grant of a new trial in this case.