THE EXPOSITION COTTON MILLS *v.* THE WESTERN AND ATLANTIC RAILROAD COMPANY.

1. The original declaration being for damages to plaintiff's property shipped over defendant's railroad, with no allegation that defendant received the same from a connecting railroad as in good order, and this court having held that evidence to show that the property was damaged on a connecting railroad before defendant received it, was admissible, an amendment to the effect that defendant had received it as in good order from the connecting railroad, was properly rejected as seeking to add a new and distinct cause of action. The original action was upon a common law liability, the amendment upon a statutory liability.
2. As the plaintiff admitted that the damage was done before the property reached the defendant, a nonsuit should have been awarded. It was error to direct a verdict for the defendant.

October 9, 1889.

Pleadings. Amendment. Practice. Nonsuit. Rail-

83  441
83  661

83  441
113  15

83  441
117  845

83  441
120  67

83  441
e127  323

roads.    Before Judge VAN EPPS.    City court of Atlanta.    March term, 1889.

Reported in the decision.

B. F. ABBOTT, for plaintiff.

JULIUS L. BROWN, for defendant.

BLANDFORD, Justice.

The plaintiff brought its action against the defendant, in which it alleged that it had sustained certain damages to machinery, by reason of the carelessness and negligence of the agents and servants of the defendant.    When this case was here before at the October term, 1888, it was then held (81 *Ga.* 522) that the evidence offered by the defendant to the effect that the damage done to the plaintiff's property occurred upon a connecting line of railroad before the same had been received by the defendant, was admissible as a defence to the action, there being no allegation in the declaration at that time that the defendant had received the property as in good order.    The case being reversed, and coming on for another trial before the court below, the plaintiff offered an amendment to the declaration to the effect that the defendant had received the property from a connecting road as in good order.    This amendment was demurred to upon the ground that it was a new and distinct cause of action.    The court sustained the demurrer, and the amendment was rejected, and this ruling is excepted to and constitutes one of the errors complained of in this case.

1. Section 3480 of the code provides that no amendment adding a new and distinct cause of action shall be allowed, unless expressly provided for by law.    The original declaration was brought by the plaintiff for damages done to the plaintiff's property by the defendant, and was a good and sufficient declaration, and upon proper proof the plaintiff could have recovered

thereon.   But the amendment offered and rejected by the court seeks to recover from the defendant by virtue of a statute of this State (code, §2084), which statute provides that "When there are several connecting railroads under different companies, and the goods are intended to be transported over more than one railroad, each company shall be responsible only to its own terminus and until delivery to the connecting road; the last company which has received the goods as 'in. good order' (the words in good order, it will be observed, being in quotation marks,) shall be responsible to the consignee for any damage, open or concealed, done to the goods, and such companies shall settle among themselves the question of ultimate liability." The liability of this company, according to this amendment, arises alone by virtue of this statute.   The original declaration showed the liability of the company to be a common law liability; and now it is proposed, by the introduction of this amendment, to sue the company upon a statutory liability.   We are therefore of the opinion that this amendment introduced a new and distinct cause of action from that embraced in the original declaration, which, we have seen under the code, cannot be allowed in this State.   See the case of *Parmelee* v. *Savannah, Florida & Western Rwy Co.*, 78 *Ga.* 239.

2. The next error assigned is the decision and judgment of the court in directing a verdict for the defendant and judgment thereon.   We think this was error. As the case then stood, the court should have awarded a nonsuit.   The plaintiff admitted that the damage to the property was done on a line of road belonging to another company before it was received by the defendant company.   So we affirm the judgment with direction to the court below to cause the verdict and judgment to be set aside, and enter a judgment of nonsuit in place thereof.     *Judgment affirmed.*