## CITY OF ATLANTA v. JENKINS.

1. A motion to reinstate a case will lie, as one remedy, where a nonsuit has been awarded for want of sufficient evidence.
2. A brief of the evidence must be filed by the movant with the motion to reinstate a case in which a nonsuit has been awarded and the case dismissed for want of sufficient evidence.

JANUARY 12, 1912.

Motion to reinstate. Before Judge Ellis. Fulton superior court. January 21, 1911.

*J. L. Mayson* and *W. D. Ellis Jr.*, for plaintiff in error.

*Moore & Branch*, contra.

HILL, J. This case came on to be heard in the superior court of Fulton county, on a motion to reinstate the case of Patience Jenkins *v.* City of Atlanta, wherein a nonsuit had been granted by the presiding judge of said court. When the motion to reinstate was called for trial in the court below, the City of Atlanta, the plaintiff in error here, moved to dismiss the motion on two grounds: 1. That the motion to reinstate did not lie where a nonsuit had been granted for lack of sufficient evidence. 2. That said motion could not be considered by said court, because no brief of evidence had been prepared upon which the court could pass as to whether or not this judgment was right or wrong. The motion to dismiss the motion to reinstate the case was overruled by the court, and an order granted reinstating the case; to which judgment the City of Atlanta excepted. The motion to reinstate was as follows: "The above-stated case came on for trial on the 8th day of December, 1910, at the regular November term, 1910, of Fulton superior court, before the Honorable W. D. Ellis, judge of said court, presiding; and after the evidence for the plaintiff had all been introduced, the court granted a nonsuit in the case. Plaintiff insists that the granting of said nonsuit was error, and she comes now at the term of said court at which said nonsuit was granted, and moves the court to set aside and vacate the nonsuit, and to reinstate the case on the trial calendar."

1. The first assignment of error is not well taken. In the case of *Aiken* v. *Peck*, 72 *Ga.* 434, this court held: "Where a nonsuit has been granted, the losing party may either bring his case to the Supreme Court by writ of error, or may, during the term of the trial, move to reinstate the case, and from a refusal of that motion, properly made, may bring the case to this court." See also *Van Dyke* v. *Van Dyke*, 120 *Ga.* 984, 986 (48 S. E. 380); *Buchanan* v. *James*, 134 *Ga.* 475, 476 (68 S. E. 72).

2. The second assignment of error raises a question not so easily determined, as it has never been directly passed upon by this court, so far as we have been able to find, and must, therefore, be determined upon principle. There seems to be no statute on the subject, and heretofore the question has been one for the construction of the court. The question is, whether a motion made

to reinstate a case, where a nonsuit has been granted by the court upon the ground of insufficiency of evidence, should be accompanied by a brief of the evidence upon which it can be determined whether the judgment of the court allowing or refusing the motion to reinstate was right or wrong. In the case of *Wallace* v. *Cason,* 42 *Ga.* 435, the court held, on a motion to reinstate a case where the judge had granted a nonsuit upon the ground that he " was not satisfied with the argument of the legal question upon which the nonsuit was awarded," that a brief of the evidence was not necessary. In that case the nonsuit was granted solely on a legal question, and not for failure by the plaintiff to prove his case as laid. The motion to reinstate that case was heard upon the ground that the court erred in granting the nonsuit, because the plaintiff did not show that he had given notice of the killing of his horse, as required by the act of 1854. A brief of the evidence, therefore, was not necessary, and any declaration to that effect was obiter.

The right of the trial court to grant a nonsuit on motion of the defendant for failure of proof was not recognized under strict common-law practice, because the plaintiff was deemed to have the right of trial by jury on the issues of fact. 6 Enc. Pl. & Pr. 933. And this rule seems to obtain in many of the States, and in the Federal courts. Ibid. But a nonsuit in this State may be granted where at the close of the plaintiff's case it appears that the plaintiff has failed to make out a prima facie case, or that, admitting the facts proved and all reasonable deductions therefrom, he ought not to recover. Civil Code (1910), § 5942. Should the movant seeking to reinstate a case in which a nonsuit has been awarded by the court for insufficiency of evidence accompany his motion with a brief of the evidence? In the case of *City of Atlanta* v. *Miller,* 125 *Ga.* 495 (54 S. E. 538), Justice Lumpkin said: "Where a motion to reinstate a case is made, after a judgment of nonsuit based on the general insufficiency of the evidence to make out a case, the proper practice is to present a brief of the evidence along with the motion. But if the presiding judge based his judgment upon a single question of law, and enough of the evidence was set out for a clear understanding of such ruling, there was no error in entertaining the motion because it was not accompanied by a complete brief of the evidence. Certainly this will furnish no ground

for a reversal, if the point was not made before the trial court." It is true this question was not distinctly made in the case last cited, but is made here; and it seems to us that, on sound reason, a brief of the evidence should accompany the motion to reinstate. If a nonsuit has been granted by the court for insufficiency of the evidence, and the plaintiff excepts and brings the case to this court by a direct writ of error, without moving to reinstate, he is required to bring up enough evidence to give the court a clear understanding of the case. Civil Code (1910), § 6140 (par. 1). And by parity of reasoning it appears as equally necessary that when a motion to reinstate is made in the court below by the plaintiff, she should file a brief of evidence offered on the trial, where the judgment of nonsuit was based on the insufficiency of the proof offered by the plaintiff. The motion to reinstate is an appeal to the discretion of the judge. How could that discretion be properly exercised upon the mere recollection of the trial judge as to the evidence offered on the trial of the case? And if the case is brought to this court, how can it rightly be determined whether the judge in the court below has properly exercised his discretion unless he was presented with a brief of the evidence? Suppose one judge grants the nonsuit, but another judge hears the motion to reinstate, as was the case in 42 *Ga.,* supra, how can the second judge know whether the nonsuit was properly granted, or not, unless he has a brief of the evidence upon which the nonsuit was awarded? In the case of *Wallace* v. *Cason,* supra, the nonsuit was awarded on a question of law, and not for want of sufficient testimony; and hence a brief of the evidence was not necessary to a correct determination of the question in that case. If, however, as in this case, the court grants the motion to reinstate, and the other side excepts, can the burden of making the brief of evidence be shifted from the movant to the plaintiff in error? Can the movant appeal to the recollection of the court as to the evidence, instead of a brief of the evidence, to elucidate the question passed upon by the court? We think not. We hold that the motion should be accompanied by a brief of the evidence, as in a motion for a new trial; that the trial court first, and then this court if appealed to, should have a brief of the evidence by which to determine whether the motion has been properly granted or denied. No brief of the evidence was offered by the movant in the court below, on which

the trial judge could exercise his discretion as to whether the motion to reinstate should be granted. The trial judge in the bill of exceptions says, "It is necessary that the evidence be sent up. The statement of it is a conclusion. The evidence was reported by the official stenographer, and he is directed to write it out and file it, and the clerk is directed to send it up as a part of the record." The court appended a note to the evidence sent up by the clerk pursuant to this order, as follows: "The City of Atlanta declined to attach a brief of the evidence. The plaintiff claimed not to be able to have it written out. I ordered it to be done, and I approve the foregoing eighteen pages as true and correct—they contain the evidence on which the court acted; and to properly determine the case the court decided, and to do justice between the parties, the entire evidence ought to be considered. If I had the power, I would abstract the evidence—make a brief of it; but as no agreement has been made and as this is the act of the court, I ask that the evidence be considered in its present form." When the judge signs the bill of exceptions to a final judgment, he exhausts his power in the case. He can not direct a brief of evidence sent up to this court, where no brief has been filed by the movant, or the plaintiff in error, as the case may be, and where no brief of evidence has been agreed upon by the movant and plaintiff in error before the brief is ordered sent to this court by the trial judge. There being no brief of evidence before the trial court, therefore, when the motion to reinstate was heard and determined; on which he could exercise his discretion in determining such motion, we think the court erred in not sustaining the motion to dismiss the motion to reinstate the case, on the ground that movant had filed therewith no brief of the evidence; and the judgment of the court below is          *Reversed. All the Justices concur.*