## GLENN *v.* GLENN.

ATKINSON, J.  1. A motion to set aside a judgment granting a nonsuit and to reinstate the case is one of the remedies available to the plaintiff. *City of Atlanta* v. *Jenkins,* 137 *Ga.* 454 (73 S. E. 402), and cases cited.

2. Whether such motion will be granted is a matter within the legal discretion of the trial judge; and where he reinstates the case his discretion will not be controlled, unless manifestly abused. *Southern Railway Co.* v. *James,* 114 *Ga.* 198 (39 S. E. 849).

3. It is an abuse of discretion to set aside the judgment and reinstate the case where there is no evidence to authorize a verdict in the plaintiff's favor, unless the movant informs the court of other evidence in his possession which would, in connection with the evidence previously introduced, make a prima facie case in favor of the plaintiff, and offers to submit such evidence.

4. This is a suit brought by the husband for divorce on the ground of cruel treatment; and even if the alleged acts relied on as constituting cruel treatment, and the testimony of the husband himself in reference to them, was sufficient to authorize a verdict in his favor, under the ruling in *Ring* v. *Ring,* 118 *Ga.* 183 (44 S. E. 861, 62 L. R. A. 878), and cases following that decision, his testimony clearly showed that he had by subsequent cohabitation with his wife condoned the alleged cruelty.   Under these circumstances the judge abused his discretion in setting aside the judgment.

<em>Judgment reversed. All the Judges concur.</em>

No. 2627. FEBRUARY 18, 1922.

Libel for divorce.  Before Judge Munro.  Muscogee superior court.  April 30, 1921.

*Battle & Arnold, George C. Palmer,* and *T. T. Miller,* for plaintiff in error.  *Love & Fort,* contra.