24750. COOK *v.* ATTAPULGUS CLAY COMPANY.

DECIDED JANUARY 29, 1936.  REHEARING DENIED FEBRUARY 13, 1936.

*H. B. Spooner, J. C. Hale,* for plaintiff.
*M. E. O'Neal, A. B. Conger,* for defendant.

JENKINS, P. J.  The purpose of the very able trial judge in seeking to facilitate a final disposition of the case by having this court pass on the evidence without the cost and expense of another trial is to be commended; and we have diligently sought to ascertain if it lay within our power to pass upon the questions of evidence made by the record as now presented.  After mature consideration we have reached the conclusion that we can not do so.

Neither of the cases cited in the judgment and opinion of the trial judge as authority for his grant of a nonsuit after verdict and judgment and in vacation (*Hill* v. *Vanduzer, 37 Ga. 293*, and *Central of Ga. Ry.* v. *Harden,* 113 *Ga.* 453, 38 S. E. 949), involved a nonsuit; but both cases arose on writs of error from orders granting or refusing a new trial. The judgment rendered on the hearing of the motion for new trial was as follows: "The plaintiff's petition alleges that defendant created and maintained several nuisances which caused the breeding of malaria-bearing mosquitoes, and that said mosquitoes infected her husband with malaria from which he died on August 19, 1932. The defendant denies all the allegations in the petition and also pleads that the alleged nuisances were not created by defendant, but if created and maintained at all, that they were created by some one else, and that if the deceased had malaria, he did not get it from either of the alleged nuisances, but from some other source, probably from fishing at other places which were infested with malaria-bearing mosquitoes. The evidence was voluminous, there being more than a hundred witnesses, the trial consuming several full days and resulting in a verdict for the plaintiff for $10,000. The defendant made a motion for a new trial and on the hearing of the motion urgently insisted upon the general grounds in the motion to the effect that the evidence does not support a verdict for the plaintiff. I am so firmly rooted and grounded in the belief that verdicts of juries ought not to be disturbed and set aside by the courts until I have made a critical study of all the evidence in a conscientious effort to approve the verdict rendered by the jury. If the defendant killed plaintiff's husband, the verdict is demanded and is as moderate as could be expected, but if it did not cause his death, it should not be penalized in any sum. By the very nature of the case the plaintiff is dependent upon circumstantial evidence for her proof that her husband's infection with malaria, which undoubtedly killed him, was caused by the alleged nuisances. Not only did I pay close attention to the evidence during the trial, but I have read it over several times since, and being unable to become satisfied from reading it, I have gone to the trouble to segregate from the record all the plaintiff's evidence that bears upon the proximate cause, and have studied it separately. As I understand the law, where a case depends upon circumstantial evidence, the facts proved must be so

strong as to exclude every other reasonable hypothesis. *Ga. Ry. & El. Co.* v. *Harris,* 1 *Ga. App.* 714 [57 S. E. 1076]. In applying this rule to this case, one prominent question arises. Does the evidence exclude a reasonable idea that Mr. Cook may have received his infection from some other source? I think it is entirely reasonable to assume that the malaria infection which resulted in his death may have come from, not one, but several sources other than either of the alleged nuisances. The evidence of the plaintiff does not close all other doors through which the infection could very reasonably have entered.

"Having arrived at this conclusion at this late day, the next question to consider is what is the right and proper thing for me to do. I am convinced that I should have entered a judgment of nonsuit at the conclusion of the plaintiff's evidence, and that I made an error in not doing so. That being true, according to the law as I understand it, and as specifically set forth in *Hill* v. *Vanduzer,* 37 *Ga.* 294, and *Central Railroad* v. *Harden,* 113 *Ga.* 453 [38 S. E. 949], it now becomes my duty to go back and correct this error. Moreover, if I simply grant a new trial, the plaintiff could not review my idea of the case in the higher court, for the reason that the granting of a first new trial is in the discretion of the trial judge, and the Court of Appeals would not pass upon the sufficiency of the plaintiff's evidence. In addition thereto, another trial would bring us back to the same question with which I am now confronted, but in getting to the question again by the route of a new trial, considerable trouble, work, and expense would be necessary. If, instead of entering a nonsuit, the judge directed a verdict for the defendant, the high court have adopted the rule of affirming the judgment of the lower court with direction that the verdict and judgment directed should be set aside and a judgment of nonsuit entered. See *Barnes* v. *Carter,* 120 *Ga.* 895 [48 S. E. 387], *Hines* v. *McLellan,* 117 *Ga.* 845 [45 S. E. 279], *Eady* v. *Napier,* 96 *Ga.* 736 [22 S. E. 684], and *Exposition Mills* v. *W. & A. R. Co.,* 83 *Ga.* 441 [10 S. E. 113]. I am unable to see any reason why I can not do at this time what the Supreme Court could, and what I believe they would direct me to do. By setting aside the verdict and judgment at this time and enter[ing] an order of nonsuit, the case will be expedited, the plaintiff can review by direct bill of exceptions my holding that a

prima facie case has not been made, which will thereby save conderable time, work, and expense. If I happen to be right in the conclusion I have reached, another trial will not be necessary unless the plaintiff is able to strengthen her case by the procurement of additional evidence. On the contrary, if the Court of Appeals should hold that the plaintiff's evidence is sufficient to make out a prima facie case, we will then know in the next trial whereabouts we are at. The motion for new trial came on regularly to be heard at the time appointed by the previous order, and having been held up under consideration since that time, it is now ordered that the verdict and judgment rendered in said case be vacated and set aside and a judgment of nonsuit is hereby ordered."

*Judgment reversed. Stephens and Sutton, JJ., concur.*

ON MOTION FOR REHEARING.

JENKINS, P. J. We recognize the rule set forth in the brief of counsel for the defendant, and mentioned in the order of the trial judge, that if, *during the pendency of a trial by jury* and at the conclusion of evidence for the plaintiff, the judge, instead of properly granting a nonsuit, should direct a verdict, this court on review will affirm the judgment with direction that the direction of the verdict be set aside and a judgment of nonsuit be entered in lieu thereof. See, cited in the opinion of the trial judge: *Barnes* v. *Carter,* 120 *Ga.* 895 (48 S. E. 387; *Hines* v. *McLellan,* 117 *Ga.* 845 (45 S. E. 279) ; *Eady* v. *Napier,* 96 *Ga.* 736 (22 S. E. 684) ; *Exposition Cotton Mills* v. *W. & A. R. Co.,* 83 *Ga.* 441 (10 S. E. 113). Such a procedure is based on both authority and sound reason. In those cases the judge acted before verdict and during the progress of the trial, and the fact that he may have applied the wrong remedy at a time when he was authorized to control the case on evidentiary questions was an error harmless to the rights of the parties, and one which could be corrected without injury to any one. It amounted only to a matter of legal mechanics, to reduce the scope and effect of an excessive order to one within the limits of his authority. Somewhat similiar in character are rulings to the effect that when at the close of the evidence for both sides a verdict of nonsuit is entered, where a directed verdict would have been authorized, the plaintiff can not be heard to complain, since the order against him was more lenient than the one which it lay within the power of the court to then and there impose. *Shore* v. *Brown,*

19 *Ga. App.* 476 (3) (91 S. E. 909). A different rule obtains where a nonsuit is refused at the close of the plaintiff's evidence, although the plaintiff fails to make out a prima facie case, but a nonsuit is ordered at the close of all the evidence, although the defendant's evidence might be such as would support the plaintiff's claim. In such a case a nonsuit, granted at such time, will not be sustained on any theory, nor will it be accounted error that the court failed to enter such an order when he might properly have done so. Cases setting forth these principles were cited in the original syllabus. These propositions are dealt with in the motion for rehearing, but they all seem to us far removed from the question presented in the instant case. Here the trial had ended with the rendition of a verdict in favor of the plaintiff, and a judgment had been entered by the court in accordance therewith. The time either for a nonsuit or a directed verdict had passed. The only remaining function of the judge on questions relating to the weight or sufficiency of the evidence was in his capacity as the so-called "thirteenth juror," and as such to either approve or disapprove the verdict by granting or refusing a new trial. Upon such a grant being made, the case stands "as though no trial had been had," as prescribed by the statute (Code § 70-401), and for the reasons set forth in the original syllabus. Therefore we can not agree to the following statement of movant's counsel: "Suppose the presiding judge, on the same day, and immediately following the return of the verdict, either on motion of the defendant or of his own motion, had passed an order setting aside the verdict and judgment and granted a nonsuit. We doubt if any question would have been raised as to his legal right so to do." We think that under such circumstances the judge would have no more right to transform a verdict actually rendered in favor of the plaintiff into an order of nonsuit in favor of the defendant, than he would, under such circumstances, to transform a verdict in favor of the defendant into a directed verdict in favor of the plaintiff. As stated in the original opinion, after a verdict has been rendered, the judge, as to all questions relating to the weight and sufficiency of the evidence, is limited to his power and authority to approve or disapprove the verdict by granting or refusing to grant a new trial. A fortiori, when the motion for new trial has been set down for hearing on a date in vacation. It is true, as has been in effect said many times,

including the statement made in *Cole* v. *Illinois Sewing Machine Co.*, 7 *Ga. App.* 338 (2) (66 S. E. 979), that "an order passed in term setting the hearing of a motion for a new trial in vacation, in effect, keeps the term, relatively to that particular *case,* open until the expiration of the day to which the hearing of the motion has been adjourned; and until the expiration of that day (which means a day of twenty-four hours) the court has entire control and jurisdiction *of the motion for a new trial,* and in its discretion can grant any order that it sees proper relating thereto." Counsel emphasize their position by italicizing the word "case." We emphasize ours by italicizing the words "of the motion for a new trial." This conception of the rule was presented in the original syllabus by quoting the language used by Justice Hines in *Blakely Hardwood Lumber Co.* v. *Reynolds L. Co.,* 173 *Ga.* 602, 607 (2) (160 S. E. 775). As we see it, after a verdict has been rendered by a jury, the power and authority of the judge over the verdict, on all questions relating to the weight and sufficiency of the evidence, is relegated to the grant or refusal of a new trial; and the passing of an order setting the hearing of such a motion to a day in vacation does not enlarge his powers, to say the least of it, but the term is kept open so far as that case is concerned for the one purpose of hearing and passing on the motion.

In their motion for rehearing it is urged by counsel: "If the Court of Appeals should adhere to its announced opinion and its judgment of reversal in the instant case, then and in that event, in the interest of clarity and certainty, the court should determine and announce whether or not the order of the judge of the trial court was tantamount to the grant of a new trial. The language of the trial judge is: 'The motion for a new trial came on regularly to be heard at the time appointed by the previous orders, and having been held up under consideration since that time, it is now ordered that the verdict and judgment rendered in said case be vacated and set aside, and the judgment of nonsuit is hereby ordered.' We do not understand from the opinion of the court that there is any criticism of the judge's order vacating and setting aside the verdict and judgment, but that the sole criticism is directed at his order granting a nonsuit. When there is stricken from the order the objectionable feature of nonsuit, there still stands the unobjectionable feature of the verdict and judgment being set aside and vacated.

With that portion of the order still standing, it seems to us that the effect of the same is, as a matter of law, tantamount to and does grant a new trial on the motion. If the court concurs with us in this conclusion, we think, as before stated, that the status should be determined and clarified by a positive statement from the court on the subject as to whether or not the judge's order, as rendered and now stands, has the effect of granting a new trial on the action." In response to the motion for rehearing, counsel for plaintiff in the court below make the following contention: "We think it proper to call the attention of the Court of Appeals to the fact that the granting of a nonsuit by the trial judge had the effect of over-ruling the motion for new trial; and that the reversal of the judgment of the trial court, setting aside the verdict of the jury and the judgment rendered thereon and granting a nonsuit, should finally dispose of the case upon making the remittitur the judgment of the trial court." Since, under our view, the judge did not pass on the motion for new trial, but set the verdict aside only as an act incidental and preliminary to and for the purpose of granting a nonsuit; and since, under the motion for new trial, he was empowered to set the verdict aside for the one purpose only of granting a new trial, it was and is our opinion that the entire previous order should be annuled and vacated, and that the grounds of the motion for new trial be passed on and determined. If, in considering the grounds of the motion for new trial, it should be the opinion of the trial judge that the verdict and judgment should be vacated and set aside in order that a new trial be granted, it would lie within his province so to order and provide, subject to the usual right of review as provided by law. *Motion denied.*