NELMS *v.* VENABLE *et al.*

No. 15064. FEBRUARY 9, 1945. REHEARING DENIED MARCH 7, 1945.

*N. T. Anderson Jr.,* for plaintiff.

*H. O. Hubert Jr.,* and *Scott Candler,* for defendants.

ATKINSON, Justice. (After stating the foregoing facts.) "If the plaintiff fails to make out a prima facie case, or if, admitting all the facts proved and all reasonable deductions from them, the plaintiff ought not to recover, a nonsuit shall be granted." Code, § 110-310. "A motion to reinstate a case will lie, as one remedy, where a nonsuit has been awarded for want of sufficient evidence." *City of Atlanta* v. *Jenkins,* 137 *Ga.* 454 (73 S. E. 402) ; *Glenn* v. *Glenn,* 152 *Ga.* 793 (111 S. E. 378). "It is no ground to reverse a judgment of nonsuit that the court excluded evidence which, even if admissible, would not have materially changed the scope and effect of the evidence which was admitted. *Stewart* v. *Savannah Electric Co.,* 133 *Ga.* 10 (2) (65 S. E. 110, 17 Ann. Cas. 1085). Whether a motion to reinstate a case where a nonsuit was entered will be granted, is a matter within the legal discretion of the trial judge. *Southern Railway Co.* v. *James,* 114 *Ga.* 198 (39 S. E. 849). While these authorities dealt with nonsuit, the

principles therein ruled are applicable to the grant of a motion to dismiss the levy in a claim case, where the evidence as a whole fails to show that the property was subject.

In the instant case, while Henry Garner testified that in 1916, five years before the execution of the deed under which the claimant derived title, he sold to the defendant in execution lumber which was used in building the house, other evidence introduced by the plaintiff shows that the claimant's title did not come out of the defendant in execution, but that it arose in virtue of the above deed from Mrs. Mason, the great-aunt of the claimant. There was no evidence tending to show that title to the house and lot had ever been in the defendant in execution, or that he had ever claimed any title to the land. While prior possession alone may cause a presumption of title to arise (Code, § 33-102), such presumption was overcome when other evidence as to ownership of the property, introduced by the plaintiff, showed that the claimant had a deed from her great-aunt to a half undivided interest in the property, and that the defendant in execution had never had title, nor claimed to be the owner of any interest therein.

The evidence, the exclusion of which is complained of in the motion to reinstate, was to the effect: (a) The sheriff inadvertently omitted the statement that the property was in the possession of the defendant in execution when levied upon; (b) the tax records from 1940 through 1944 show the property levied upon to be in the name of the defendant in execution; (c) testimony of the court stenographer that Mrs. Roper would not allow her depositions to be taken. Under the above authorities, the admitted evidence was not sufficient to avoid a dismissal of the levy, for the reason that the evidence as a whole was not sufficient to show title in the defendant in execution. What the judge really did was to dismiss the levy. The rejected evidence, while tending to show possession in the defendant in execution and that the tax records from 1940 through 1944 listed the property in his name, did not show any title or possession under claim of title in him, and consequently was not such as materially to change the probative value of the evidence on which the trial judge dismissed the levy, and his discretion in refusing to reinstate the case will not be disturbed.

The case has been disposed of on the merits, and thus it becomes unnecessary to go into the question, not raised by any of the parties,

to wit, whether in any event prior rulings on the sufficiency of the pleadings or the admissibility of evidence may be assigned as error in a motion to reinstate, or whether the grounds of the motion should be limited to evidence that was before the court at the time the nonsuit was granted.

*Judgment affirmed. All the Justices concur, except Wyatt, J., absent because of illness.*