### 31682. WELLS v. ALDRIDGE.

GARDNER, J. (*a*) R. L. Wells brought a trover action against Aldridge. At the conclusion of the evidence for the plaintiff and for the defendant, the defendant made a motion for a nonsuit, which was granted. Where, as here, the evidence demanded a verdict for the defendant, the better, if not the proper procedure, was the direction of a verdict. But since a nonsuit was a more lenient disposition of the case than the plaintiff was entitled to, the granting of a nonsuit was harmless to him. *Cook v. Attapulgus Clay Co.*, 52 *Ga. App.* 610 (184 S. E. 334).

(*b*) After nonsuit, a motion to reinstate, accompanied by a brief of the evidence, is one remedy available to the plaintiff who has been nonsuited. *City of Atlanta v. Jenkins*, 137 *Ga.* 454 (73 S. E. 402). The court did not err in refusing to reinstate the case, for the evidence demanded a finding that the relation between the plaintiff and the defendant was that of cropper and landlord, respectively, and further demanded the finding that the "five tons of Johnson grass and lespedeza hay had never been divided." And further, the evidence demanded a finding that the title to the subject-matter of the trover action was in the landlord, under the Code, § 61-501. There had been no division or settlement between them. In such a situation as the evidence here reveals, the remedy of the cropper was to assert a laborer's lien on the crops. *Smart v. Hill*, 29 *Ga. App.* 400 (116 S. E. 66). These questions are controlling in this case, under the record. The court did not err in refusing to reinstate the case. *Glenn v. Glenn*, 152 *Ga.* 793 (111 S. E. 378).

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*

DECIDED SEPTEMBER 3, 1947. REHEARING DENIED SEPTEMBER 19, 1947.

*Clarence W. Walton,* for plaintiff. *S. M. Mathews,* for defendant.