## BUTLER *v.* HAZELRIGS.

HAWKINS, Justice. 1. The motion to reinstate the plaintiff's case after non-suit granted alleges in paragraphs four and five that the trial court erred in sustaining the objection raised by one of the defendant's counsel to the testimony of one of the plaintiff's witnesses, naming her, as to admissions or declarations of the plaintiff's deceased husband made to said witness and · others, concerning the property here involved. Nowhere in either of these grounds of the motion to reinstate does the plaintiff in error set out, either literally or in substance, the admissions and declarations which it is claimed the trial court erred in excluding. These grounds, therefore, present no question for determination by this court. *Butler* v. *Ross,* 188 *Ga.* 329, 331 (4 S. E. 2d, 21); *Andrews* v. *State,* 196 *Ga.* 84 (7) (26 S. E. 2d, 263).

2. When this case was here before, this court held: "The petitioner alleging that the grantor in the security deed had sold to her a one-half interest in the property, for which she paid $700, that the grantor refused to execute her a deed therefor, and that the grantee in the security deed took the same without consideration and with knowledge of her equity therein, the petition set forth a cause of action for some of the relief prayed; and, accordingly, the trial judge did not err in overruling a general demurrer thereto and in granting a temporary injunction." *Hazelrigs* v. *Butler,* 204 *Ga.* 98 (48 S. E. 2d, 727). It appears from the brief of evidence that the plaintiff testified on the trial that she did let her husband have $700, as claimed, and that he agreed to execute to her a deed to a one-half interest in certain property, and failed to do so; but there is no evidence whatever in the record even tending to show that the defendant grantee in the security deed took the same without consideration, or with knowledge of the plaintiff's alleged equity in the property. The plaintiff, therefore, failed to make out a prima facie case as alleged, and the trial court did not err in granting a nonsuit, or abuse its discretion in refusing to set aside that judgment and reinstate the case. Code, § 110-310; *Hobbs* v. *Houston,* 190 *Ga.* 505 (9 S. E. 2d, 749); *Sparks* v. *Bell,* 198 *Ga.* 156 (30 S. E. 2d, 911); *Glenn* v. *Glenn,* 152 *Ga.* 793 (111 S. E. 378); *Southern Ry. Co.* v. *James,* 114 *Ga.* 198 (39 S. E. 849); *Nelms* v. *Venable,* 199 *Ga.* 109 (33 S. E. 2d, 418). *Judgment affirmed. All the Justices concur.*

No. 16658. JUNE 15, 1949.

*Leonard Pennisi* and *J. B. Wofford,* for plaintiff.

*Charles W. Anderson, John I. Kelley* and *J. Milam Morris Jr.,* for defendant.