32629. JONES *v.* MAJOR.

DECIDED OCTOBER 21, 1949.

224

*Kenyon, Kenyon & Gunter,* for plaintiff in error.

*Leon Boling, H. S. Brooks,* contra.

WORRILL, J. ■ The defendant in error moves in this court to dismiss the writ of error on two grounds, first that R. T. Grisson, the defendant in fi. fa., is an indispensable party who has not been made a party and has not acknowledged service, and neither has he been served as provided by law; and second that this case being brought to the appellate court upon a pretended motion to reinstate the case, such motion must be treated and considered as a motion for new trial. There is no merit in either of these grounds. The defendant in fi. fa. is not a necessary party. "Where a bill of exceptions is filed to proceedings had upon the trial of a claim case, the defendants in fi. fa. are not necessary parties." *Graves* v. *Tift,* 50 *Ga.* 123 (4). The grant of a nonsuit and the dismissal of a claim in a claim case are in effect the same, and the principles applicable to one are equally applicable to the other. *Nelms* v. *Venable,* 199 *Ga.* 109, 111 (33 S. E. 2d, 418). "Where a nonsuit has been granted, the losing party may either bring his case to the Supreme Court by writ of error, or may, during the term of the trial, move to reinstate the case, and from a refusal of that motion properly made, may bring the case to this court." *Aiken* v. *Peck,* 72 *Ga.* 434. After quoting this rule of law and citing that case, the Supreme Court in *City of Atlanta* v. *Jenkins,* 137 *Ga.* 454, 456 (73 S. E. 402), discusses the question of whether or not a brief of the evidence is required to accompany a motion to reinstate the case after the granting of a nonsuit, and the court seems to reach the conclusion there that a brief of the evidence is necessary where the ground upon which the nonsuit was granted is a failure of the plaintiff to prove his case as alleged. "But if the presiding judge based his judgment upon a single question of law, and enough of the evidence was set out for a clear understanding of such ruling, there was no error in entertaining the motion [to reinstate] because it was not accompanied by a complete brief of the evidence." We think this case falls within the latter principle, and that the motion to dismiss is without merit. The motion is denied.

■ We think that the trial judge should have reinstated the claim of Jones because he erred in dismissing the claim in the first instance. "Presumptions of law are sometimes conclusive, and an averment to the contrary shall not be allowed. These are termed estoppels, and are not generally favored. Among these are . . solemn admissions made in judicio, and other admissions upon which other parties have acted, either to their own injury or the benefit of the persons making the admissions . ." Code, § 38-114. We do not think that Benson M. Jones in testifying as president and principal stockholder of the Longleaf Lumber Company in the first case testified in the same capacity, that is as a party at interest, as when he testified as an individual in this case, and we do not think that his testimony in that case can be said to preclude him from testifying differently in this case. In the first case the property was claimed by the corporation, Longleaf Lumber Company Inc., and in this case the property was claimed by Jones as an individual. Though one person owns the entire stock of a corporation, still, in law, the corporation and the individual are separate entities. A corporation is an artificial person created by law. Code, § 22-101. "This legal entity retains its separate and independent character, regardless of the ownership of its capital stock." *Independent Gasoline Co.* v. *Bureau of Unemployment Compensation,* 190 *Ga.* 613, 614 (10 S. E. 2d, 58). Thus we see that Jones was not a party to the claim case filed on behalf of the Longleaf Lumber Company; indeed he was a stranger to that action though he was a witness in behalf of a party to it.

"There is one general rule, which is applicable alike to estoppel by record, by deed, and to equitable estoppel or estoppel in pais: That is that estoppels must be mutual. Strangers can neither take advantage of nor be bound by an estoppel; its binding effect is between the immediate parties, their privies in blood, in law and by estate." *Harris & Mitchell* v. *Amoskeag Lumber Co.,* 101 *Ga.* 641, 643 (29 S. E. 302); *Koplin* v. *Shartle Machine Co.,* 150 *Ga.* 509, 513 (104 S. E. 217). "Estoppels are not favored, and they apply only between parties and privies to the suit or litigation in which the admissions relied on as an estoppel were made. Admissions made in one suit do not estop a witness from testifying differently in a case between other parties. The

credit to be given a witness is for the jury." *Wilkinson & Wilson v. Thigpen,* 71 *Ga.* 497 (3). "Although the testimony of a party to a case may as a matter of law preclude a recovery in his favor, it does so only as respects the trial at which the testimony is given. Such testimony does not, by reason of its introduction at one trial, operate as an admission in judicio which would as a matter of law preclude a recovery upon a subsequent trial. . . A party to a case who has testified on a former trial of that case may, upon a subsequent trial of the same case, give testimony in contradiction of his testimony given on the former trial, and, when so testifying, his testimony on the former trial is, when introduced in evidence on the subsequent trial, in the nature of an extrajudicial admission or impeaching testimony, the probative value of which is for the jury." *Scott v. Powell Paving Co.,* 43 *Ga. App.* 705 (2) (159 S. E. 895). See also *Cook v. Attapulgus Clay Co.,* 52 *Ga. App.* 610 (184 S. E. 334).

Applying the foregoing rules of law to the facts of this case, we think it is plain that Jones cannot be bound or estopped by his testimony in the first claim case. He was not a party to it, and it adjudicated only that, as between Longleaf Lumber Company and the plaintiff in fi. fa., the property sought to be levied on was subject, and it had no question presented as to the rights of Jones as an individual to claim the property. It follows that the court erred in refusing to reinstate the claim of Jones.

Code § 39-902 provides for the trial of claim cases by jury, and § 39-904 provides that where the property levied on is shown at the time of the levy not to be in the possession of the defendant in fi. fa., as in this case, the burden of proof is on the plaintiff in fi. fa. Under the evidence and law applicable to this case there was at least a jury question as to whether the property levied on was subject to the levy, and the trial judge erred in dismissing the claimant's claim.

*Judgment reversed. Sutton, C. J., and Felton, J., concur.*